UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUNCOAST WATERKEEPER, OUR
CHILDREN'S EARTH FOUNDATION, and
ECOLOGICAL RIGHTS FOUNDATION,

Plaintiffs,

v.                                             Civil Case No.: 8:16-cv-03319-JDW-AEP

CITY OF ST. PETERSBURG,
Defendant.

**DEFENDANY CITY OF ST. PETERSBURG'S
RULE 12(B)(1) MOTION TO DISMISS AND
MEMORANDUM IN SUPPORT**

The Defendant, City of St. Petersburg (the "City") moves for dismissal of Plaintiffs', Suncoast Waterkeepers', Our Children's Earth Foundation's and Ecological Rights Foundation's, Complaint for failure to establish standing to initiate the litigation in this matter pursuant to Rule 12(b)(1), Fed. R. Civ. P. The grounds upon which this motion is based are set forth in the following memorandum of law.[1] Specifically, the Amended Complaint should be dismissed on the ground that Plaintiffs lack standing to pursue their claims because they have not pleaded any "injury in fact" sufficient to support Article III standing.

**ARGUMENT**

I. STANDARDS FOR RULE 12(b)(1) MOTIONS

Under the Federal Rules of Civil Procedure, a defendant may move to dismiss a claim for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). The "plaintiff bear[s] the burden

---

[1]The City of St. Petersburg reserves its right to submit a supplemental motion and supporting brief as a result of further discovery since challenges to subject matter jurisdiction are not waived, and may be raised at any time. Fed. R. Civ. Proc. 12(h)(3).

1

of establishing by a preponderance of the evidence that the court has jurisdiction to entertain his claims." *Bennett v. Ridge*, 321 F. Supp. 2d 49, 51 (D.D.C. 2004) *aff'd sub nom. Bennett v. Chertoff*, 425 F.3d 999 (D.C. Cir. 2005). Moreover, a Rule 12(b)(1) "motion imposes on the court an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority." *Grand Lodge of the Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). Thus, "[w]hile the court must accept as true all the factual allegations contained in the complaint, . . . the 'plaintiff's factual allegations . . . will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim." *Bennett*, 321 F. Supp. 2d at 51–52 (citations omitted). In addition, the Court need not accept as true "a legal conclusion couched as a factual allegation," or an inference unsupported by the facts set forth in the Complaint. *Trudeau v. Fed. Trade Comm'n,* 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (internal quotation marks omitted). When a Rule 12(b)(1) motion presents a factual attack on jurisdiction in addition to a facial one, a court may consider materials outside of the pleadings to determine whether the court has jurisdiction to hear the case. *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997).

II. PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED BECAUSE IT FAILS TO PLEAD SUFFICIENT FACTS TO ESTABLISH STANDING

To establish Article III standing, a plaintiff must plead and show that: (1) he or she has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the defendant's challenged action; and (3) that it is likely, as opposed to merely speculative, that a favorable judicial decision will prevent or redress the injury. *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *Stalley ex rel. U.S. v. Orlando Regional Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (explaining that plaintiff's complaint

must allege, *inter alia,* "an injury in fact—a harm suffered by the plaintiff that is concrete and actual or imminent," to establish Article III standing). "[W]hen the plaintiff is not himself the object of the government action or inaction he challenges, standing is not precluded, but it is ordinarily 'substantially more difficult' to establish." *Lujan*, 504 U.S. at 562 (citations omitted).

The Plaintiffs' entire allegation as justification for their belief in their standing can only be found in ¶¶10 – 11, ECF No. 4. Succinctly, ¶10 states that: "SCWK, OCE and EcoRights' members use and enjoy the ocean and bay waters and other waters adjoining and in St. Petersburg for body contact water sports and other forms of recreation, …" Paragraph 11 states that "St. Petersburg's illegal discharges of raw and/or partially treated sewage to ocean and bay waters and other waters adjoining and in St. Petersburg degrade water quality and harm aquatic life in these waters, and thus impairs Plaintiffs' members' use and enjoyment of the ocean and bay waters and other waters adjoining and in St. Petersburg." In the remaining nineteen pages of their Amended Complaint there is no further allegation of any harm to anyone.

There is no way to tell from ECF No. 4 whether Plaintiffs are suing on their own behalf or on behalf of their members.

> To establish representational standing, an association must demonstrate that " '(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.' "

*National Ass'n of Home Builders v. E.P.A.*, 667 F.3d 6, 12 (D. C. Cir. 2011).

There is not a single person identified for the purpose of establishing standing and the Amended Complaint never sets forth any allegations as to injury in fact suffered by so much as a single individual. Plaintiffs are seeking injunctive relief and yet ECF No. 4 fails to:

> … show under the first prong of the test that at least one of its members "is under threat of suffering 'injury in fact' that is concrete and particularized; the threat

3

must be actual and imminent, not conjectural or hypothetical"; it "must be fairly traceable to the challenged action of the defendant"—namely the TNW[2] Determination—and "it must be likely that a favorable judicial decision will prevent or redress the injury."

*Id.*

There is nothing "concrete or particularized" demonstrated in any of the allegations. There is nothing to show the traceability of any particular injury in fact, and there is no identification of any person expressly injured by any act or failure of the Defendant to perform. The allegations are all, at best, generalizations without relationship to the specific alleged violation and any specific harm suffered by any one person.

> In order to establish individual standing, a person must show that: (1) he has suffered an actual or threatened injury as a result of the actions of the defendant; (2) the injury is "fairly traceable" to the defendant's actions; and (3) the injury will likely be redressed if he prevails in his lawsuit.

*Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.,* 73 F.3d 546, 556 (5th Cir. 1996)

None of the Plaintiffs is alleging harm to itself but it appears instead, that they are instituting the litigation on behalf of their members. Because Plaintiffs have not alleged any specific discharge or identified any specific location to demonstrate traceability or any consequential harm to any area used by any member, they have not alleged the concrete injury necessary to establish standing, and their complaint is facially defective. These elements are especially important in this case as the nature of the alleged wrong involves discharges into the waters of Tampa Bay. Tampa Bay is connected to the oceans of the world. For this reason, some direct connection sufficient to cause injury must be alleged. Plaintiffs' alleged harms are speculative[3], remote, and dependent upon further allegations that are necessary to establish

---

[2] "traditional navigable water[s]"
[3] Plaintiffs clearly are engaged in speculation alleging in ¶88, ECF No. 4 that: "Significantly more SSOs than reported by St. Petersburg will likely be discovered through this enforcement

standing. Moreover, even if future discharges occur as a result of conditions outside the control of the Defendant, whether those discharges would impact the areas that Plaintiffs' members use would be dependent on the exact nature and location of that discharge, and thus cannot be assessed at this time.

The allegations are so speculative and lacking in traceability that it is impossible for the Defendant to adequately prepare a response. The defects in the pleading rise to the level of being sufficient to dismiss the complaint upon the grounds of failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6), Fed. R. Civ. Proc. The complaint must do more than simply leave open a possibility that the plaintiff could prove its case. Instead, the pleading must contain details sufficient to create a reasonable expectation that discovery will surface evidence of the violations. The Supreme Court insisted that it was not imposing a heightened pleading standard, but instead required allegations of sufficient detail to "cross the line from conceivable to plausible."[4]

Plaintiffs cannot demonstrate that the necessary three elements for standing are satisfied[5]. Plaintiffs have failed to allege an "injury in fact" because they have not stated facts sufficient to demonstrate "an invasion of a legally protected interest which is (a) concrete and particularized, . . . and (b) actual or imminent, not conjectural or hypothetical . . . ." *Lujan*, 504 U.S. at 560 (internal quotation marks omitted). Plaintiffs do not identify any "actual" harm; they can point to no member that has been harmed by the challenged City's actions. See: *Sierra Club vs. Morton 405 U.S. 727,735, 92 S. Ct. 1361, 31 L.Ed. 2d 636 (1972)*( But the 'injury in fact' test requires more than

---

action. Each such additional SSO that violates the MS4 Permit is a separate violation of the Clean Water Act."
[4] In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570; 127 S.Ct. 1955, 167 L.Ed.2d 929, 75 USLW 4337 (2007).
[5] *Sierra Club v. U.S. Army Corps of Engineers*, 645 F.3d 978, 985 - 6 (8th Cir. 2011), citing to *Lujan, supra.*

an injury to a cognizable interest.  It requires that the party seeking review be himself among the injured.)  See: *Dobbins v. Scriptfleet, Inc.,* 2012 WL 601145, Not Reported in F.Supp.2d (M.D. Fla. 2012)

WHEREFORE, Plaintiffs having failed to establish either institutional representative standing or individual standing, the Amended Complaint should be dismissed.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of December, 2016, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on Justin Bloom, Justin Bloom Attorney at Law, PA, P.O. Box 1028, Sarasota, FL 34230, bloomesq1@gmail.com, Attorney for Plaintiff; via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Brian A. Bolves
Brian A. Bolves, FBN 0367079
William S. Bilenky, FBN 0154709
Paria Shirzadi, FBN 99158
**MANSON BOLVES DONALDSON, P.A.**
1101 W. Swann Ave.
Tampa, Florida 33606
813.514.4700 / 813.514.4701 (facsimile)
bbolves@mansonbolves.com
bbilenky@mansonbolves.com
pshurzadi@mansonbolves.com
dcantwell@mansonbolves.com
*Counsel for City of St. Petersburg*