| **From:** | White, Kirk |
| **To:** | Yeargan, Mary; Boatwright, Kelley M. |
| **Subject:** | FW: Proposed Draft Consent Order |
| **Date:** | Tuesday, June 6, 2017 3:31:00 PM |
| **Attachments:** | image001.png |
| | DPM 2 Revised CO 5-8-2017.docx |

---

**From:** Douglas Manson [mailto:dmanson@mansonbolves.com]
**Sent:** Monday, May 08, 2017 6:41 PM
**To:** White, Kirk <Kirk.White@dep.state.fl.us>
**Cc:** Yeargan, Mary <Mary.Yeargan@dep.state.fl.us>; Kim Streeter (Kim.Streeter@stpete.org) <Kim.Streeter@stpete.org>
**Subject:** Proposed Draft Consent Order

Kirk,

I have attached our proposed draft consent order showing the changes from the December DEP proposed consent order.  At this point, this draft has not subject to review by the Mayor's office and City Council; therefore, we can anticipate further changes as we complete the review and revisions within staff and City leadership.

Thank you,
Doug

Douglas Manson
SHAREHOLDER
Manson Bolves Donaldson Varn, PA
1101 W Swann Ave, Tampa, FL 33606
(813) 514-4700
DMANSON@MANSONBOLVES.COM



BEFORE THE STATE OF FLORIDA
DEPARTMENT OF ENVIRONMENTAL PROTECTION

STATE OF FLORIDA DEPARTMENT ) IN THE OFFICE OF THE
OF ENVIRONMENTAL PROTECTION ) SOUTHWEST DISTRICT
 )
v. ) OGC FILE NO. 16-1280
 )
CITY OF ST. PETERSBURG. )
_____ )

CONSENT ORDER

This Consent Order (Order) is entered between the State of Florida Department of Environmental Protection (Department) and the City of St. Petersburg (Respondent) to reach settlement of certain matters at issue between the Department and Respondent.

The Department finds and the Respondent neither admits nor denies the following:

1. The Department is the administrative agency of the State of Florida having the power and duty to protect Florida's air and water resources and to administer and enforce the provisions of Chapter 403, Florida Statutes (Fla. Stat.), and the rules promulgated and authorized in Title 62, Florida Administrative Code (Fla. Admin. Code. R.).  The Department has jurisdiction over the matters addressed in this Order.

2. The Respondent is a municipal corporation in the State of Florida and a person within the meaning of Section 403.031(5), Fla. Stat.

3. The Respondent is the owner and operator of the following wastewater treatment facilities (Facilities) and associated wastewater collection/transmission systems (Systems), as well as the operator of the municipal separate storm sewer systems ("MS4") operated under State of Florida Municipal Separate Storm Sewer System Permit NPDES Permit No. FLS000007-004 ("MS4 Permit"), serving the City of St. Petersburg and other portions of Pinellas County:

| | |
|---|---|
| Albert Whitted Water Reclamation Facility | 601 8th Ave. S.E. |
| Northeast Water Reclamation Facility | 1160 62nd Ave. N.E. |
| Northwest Water Reclamation Facility | 7500 26th Ave. N. |
| Southwest Water Reclamation Facility | 3800 54th Ave. S. |
| St. Petersburg Master Reuse System | 1650 Third Ave. N. |

4. The Facilities are further described as follows:

DEP vs. City of St. Petersburg
Consent Order, OGC No. 16-1280
Page 2 of 14

      a.    Albert Whitted Water Reclamation Facility (Albert Whitted Facility), a 12.4 million gallons per day (MGD) annual average daily flow (AADF), Type I modified conventional activated sludge domestic wastewater treatment plant.  The Albert Whitted Facility, although currently closed, was operated under Wastewater Permit No. FLA128830 (Albert Permit), issued on June 4, 2012 (Albert Permit expires on June 3, 2017).  The Albert Whitted Facility is located at 601 8th Avenue Southeast, St. Petersburg, in Pinellas County, Florida (Albert Property).  The Respondent owns the Albert Property on which the Albert Whitted Facility is located.

      b.    Northeast Water Reclamation Facility (Northeast Facility), a 16.0 million gallons per day (MGD) annual average daily flow (AADF), Type I complete-mix activated sludge domestic wastewater treatment plant.  The Northeast Facility is operated under Wastewater Permit No. FLA128856 (Northeast Permit), which became effective on June 13, 2016, and will expire on June 12, 2021.  The Northeast Facility is located at 1160 62nd Ave Northeast, St. Petersburg, in Pinellas County, Florida (Northeast Property).  The Respondent owns the Northeast Property on which the Northeast Facility is located.

      c.    Northwest Water Reclamation Facility (Northwest Facility), a 20.0 million gallons per day (MGD) annual average daily flow (AADF), Type I, complete mix activated sludge, domestic wastewater treatment plant.  The Northwest Facility is operated under Wastewater Permit No. FLA128821 (Northwest Permit), which became effective on September 14, 2015, and will expire on September 13, 2020.  The Northwest Facility is located at 7500 26th Avenue North, St. Petersburg, in Pinellas County, Florida (Northwest Property).  The Respondent owns the Northwest Property on which the Northwest Facility is located.

      d.    Southwest Water Reclamation Facility (Southwest Facility), a 20.0 million gallons per day (MGD) annual average daily flow (AADF), Type I, complete mix activated sludge, domestic wastewater treatment plant.  The Southwest Facility is operated under Wastewater Permit No. FLA128848 (Southwest Permit), which became effective on June 29, 2015, revised on July 29, 2015, and will expire on June 28, 2017.  The Southwest Facility is located at 3800 54th Avenue South, St. Petersburg, in Pinellas County, Florida (Southwest Property).  The Respondent owns the Southwest Property on which the Southwest Facility is located.

      e.    St. Petersburg Master Reuse System (St. Petersburg Reuse), a 5668.4

**Commented [A1]:** Permit says that upon removal of AWWRF than the number is 56 MGD.

DEP vs. City of St. Petersburg
Consent Order, OGC No. 16-1280
Page 3 of 14

million gallons per day (MGD) annual average daily flow (AADF), Part III slow-rate public access master reuse system.  The St. Petersburg Reuse is operated under Wastewater Permit No. FLA012881 (St. Petersburg Permit), which became effective on April 11, 2013, and will expire on April 10, 2023.  The St. Petersburg Reuse is located city-wide with offices at 1650 3rd Avenue North, St. Petersburg, in Pinellas County, Florida (St. Petersburg Property).

5.      The Department makes the following findings of fact and conclusions of law to which the Respondent neither admits nor denies:

        a.      Beginning in July 25, 2015, and continuing through August 22, 2015 several weather systems moved into and stalled over the State of Florida bringing heavy rainfall, strong winds, tidal surge, record river flood staging, flash floods and heavily saturated ground.

        b̶a̶.      From August 2, 2015 through August 10, 2015, unpermitted discharges of wastewater and effluent from several of the Facilities and Systems into waters of the State and/or into adjacent canals, ditches and ponds that are connected to waters of the State occurred.  These unpermitted discharges resulted in the release of approximately 31.5 million gallons of untreated wastewater and effluent.  The Respondent reported these discharges to the Department.

        c.      On August 6, 2015 Governor Rick Scott declared Executive Order Number 15-158, a State of Emergency for Severe Weather and Flooding in Five Counties, which included Dixie, Hillsborough, Pasco, Pinellas and Taylor Counties. Section 3 delegates Local Government Agencies the authority to waive or deviate from their respective rules, ordinances, or orders.

        d̶b̶.      On June 6, 2016 Governor Rick Scott declared Executive Order Number 16-136, a State of Emergency for Tropical Storm Colin, which included 34 counties including Pinellas County.  Section 4 authorizes some State, regional and local agencies and other governmental bodies, in responding to the emergency, to waive or deviate from the statutes, rules ordinances, and orders they administer.

        e.      From June 6, 2016 through June 9, 2016, unpermitted discharges of wastewater and effluent from several of the Facilities and Systems into waters of the State and/or into adjacent canals, ditches and ponds that are connected to waters of the State occurred.  These unpermitted discharges resulted in the release of approximately 230,000 gallons of untreated wastewater and effluent through overflows at manholes and 9.77 million gallons of partially treated

DEP vs. City of St. Petersburg
Consent Order, OGC No. 16-1280
Page 4 of 14

wastewater through the emergency outfall at Albert Whitted Facility.  The Respondent reported these discharges to the Department.

f.    On August 31, 2016 Governor Rick Scott declared Executive Order Number 16-205, a State of Emergency for Tropical Depression #9, which included 42 counties (expanded to 51 counties), which included Pinellas County. Section 4 authorizes some State, regional and local agencies and other governmental bodies, in responding to the emergency, to waive or deviate from the statutes, rules ordinances, and orders they administer.

g~~e~~.    From August 31, 2016 through September 13, 2016, unpermitted discharges of wastewater and effluent from several of the Facilities and Systems into waters of the State and/or into adjacent canals, ditches and ponds that are connected to waters of the State occurred.  These unpermitted discharges resulted in the release of an unknown volume of untreated wastewater and effluent through overflows at manholes and lift stations; and between 78 and 93 million gallons of partially treated wastewater through the emergency outfall at the Albert Whitted Facility; and 58 million gallons of partially treated effluent from the Northwest Facility to adjacent properties to the south and into Jungle Lake to the north.  Additionally, 220.51 million gallons of partially treated effluent was disposed into the deep injection wells at the Northwest Facility, and 561 million gallons of partially treated effluent was disposed into the deep injection wells at the Southwest Facility. The Respondent reported these discharges to the Department.  An attempt was made to open an outfall to Boca Ciega Bay that was not successful and resulted in less than 1000 gallons of discharge from two manholes on 26th Avenue N, adjacent to the Northwest Facility.  The Respondent reported this discharge to the Department.

h.   Other unpermitted discharges and/or discharges in violation of Respondent's MS4 Permit, occurring between 2011 and 2016, from several of the Facilities and Systems were reported to the Department by the Respondent and were considered by the Department and resolved by this Consent Order.

h.i.    The facts contained in paragraphs 5b, 5e, -and 5g and 5ja. through 5e. constitute violations by the Respondent of Fla. Admin. Code R. 62-600.410(1) and (3), 62-604.130(1), 62-604.130(4) as well as Section 403.161(1)(b) Fla. Stat.

**Commented [A2]:** The actual value reported was 220.51 MG

DEP vs. City of St. Petersburg
Consent Order, OGC No. 16-1280
Page 5 of 14

Having reached a resolution of the matter Respondent and the Department mutually agree and it is **ORDERED:**

6.     Respondent shall comply with the following corrective actions within the stated time periods:

a.     No later than February 1, 2018, design and complete a "splitter box" to by-pass headworks and provide disc filters to the Southwest Facility to increase peak capacity.  No later than September 30, 2019 complete construction on the Southwest Facility's treatment improvements to increase its maximum daily treatment capacity (SW Construction).  SW Construction shall include but not necessarily be limited to improvementsexpansion of thethe headworks andto provide additional screening capacity; addition of a fourth secondary clarifier; additional effluent dual media filters and/or conversion to an alternate filtration technology; addition of a third chlorine contact basin; additional effluent pumps; additional and sufficient piping modifications to handle additional flow and;

b.     No later than February 28, 2018, complete construction of at least one of the two new injection wells at the Southwest Facility (SW Injection); No later than September 30, 2017 complete design and permitting for the SW Injection; No later than October 31, 2017 advertise for the construction of the SW Injection and;

c.     No later than February 28, 2018, complete construction of the new effluent filter at the Northwest Facility (NW Effluent Filter); No later than January 2017 begin design NW Effluent Filter; No later than October 31, 2017 begin construction of NW Effluent Filter and;

d.     No later than February 28, 2018, complete construction of a new injection well at the Northwest Facility (NW Injection); No later than September 30, 2017 complete design and permitting for the NW Injection; No later than October 31, 2017 advertise for the construction of the NW Injection; pumping upgrades shall be made to increase pressure at the new well(s) and;

e.     On No later than June 1, 2018, Respondent shall submit to the Department aa status update of the Integrated Water Resources Master Plan for evaluating current and future capabilities of Respondent's Facilities and Systems referenced in paragraph 3 and 4.  No later than June 1, 2019, Respondent shall complete and submit to the Department the Integrated Water Resource Master Plan which will provide for 1) modelling of the Facilities and Systems to determine the Fa-

DEP vs. City of St. Petersburg
Consent Order, OGC No. 16-1280
Page 6 of 14

cilities required to meet the planned level of service; 2) a long term Capital Improvement Plan for implementing identified potable water, reclaimed water, stormwater, and wastewater projects; 3) an assessment of needs to optimize and prioritize the investment into the System to maximize the benefits to meet environmental compliance and City needs; 4) Integrated plan to provide funding for the construction and processes to manage stormwater and wastewater projects; 5) a plan that incorporates of the Findings of the Flow Mitigation Report below, to provide for the priority and schedule for further projects and management to reduce stormwater inflow and infiltration into the wastewater system, and;

f.      As part of the Integrated Water Resources Master Plan update, Respondent shall include a conclusion, with justification, whether Respondent should reopen the Albert Whitted Facility.  If Respondent concludes it should reopen the Albert Whitted Facility, Respondent shall provide a timeline with associated measures required to reopen.  If Respondent concludes it should not reopen the Albert Whitted Facility, then Respondent shall include a plan for providing alternative replacement capacity and;

g.      No later than October 31, 2018 7, submit the final report of Respondent's Wet Weather Flow Mitigation Program (Flow Mitigation Report).  The Flow Mitigation Report at a minimum shall provide the results of the flow monitoring study, a ranking of basins and the results of the inflow and infiltration (I/I) study.; identify all areas within the entire wastewater collection system in need of replacement or rehabilitation.; No later than December 31, 2016, Respondent shall complete first collection cycle of field data.   No later than December 31, 2017, Respondent shall complete second collection cycle of field data.  No later than October 31, 2018 7, Respondent shall complete data evaluation and update the hydraulic model.; No later than December 31, 2018, Respondent shall complete the stress test of the entire wastewater collection system and submit Flow Mitigation Report to the Department and;

h.      As presented by the St. Petersburg City Council on October 20, 2016, the City has committed to spending $14 million per year on pipe lining, replacement, and manhole rehabilitation for at least the next five years.  The replacement shall target the areas of greatest I/I first.  No later than January 31, 2022 1, complete lining or replacement of the identified deteriorated public laterals within the City of St. Petersburg and the City shall pass an ordinance regarding the replacement of private laterals that contribute to I/I to the city's collection system and;

DEP vs. City of St. Petersburg
Consent Order, OGC No. 16-1280
Page 7 of 14

      i.    No later than ~~December~~ April 3~~0~~1, 201~~7~~6, renew existing manhole rehabilitation contract and finish year 2 of existing cured in place pipe (CIPP) mainline sewer lining contract; No later than ~~January~~ April 3~~0~~1, 2017, renew existing CIPP mainline sewer lining contract; No later than June 30, 2017,~~and~~ award a second CIPP mainline sewer and public laterals lining contract and;

      j.    Beginning 30 days from the effective date of this Order and continuing semiannually thereafter (i.e. the Implementation Report shall be due on January 28 and July 28 each year during the pendency of this Order), the Respondent shall submit a written report (Implementation Report) to the Department summarizing the status of implementing paragraphs 6.a. through 6.i. and proposing any modifications deemed essential to minimize wastewater overflows from the Systems and Facilities.  Any modifications are subject to Department approval.  The Implementation Report shall also include a projection of the work to be performed during the following year.

      7.    Upon the effective date of this Order, Respondent shall report to the Department all unpermitted wastewater and effluent discharges from the Systems and the Facilities as soon as possible, but within 24 hours from the time the Respondent becomes aware of the discharge, as required by 62-604.550 and 62-620.610(20) Fla. Admin. Code R., respectively.

      8.    No later than December 31, 2017, complete and submit to the Department a Water Quality Monitoring Assessment Report providing for 1) the identification of the public use of recreational waters in and around the area(s) of the potential wastewater discharge to such waters; 2) the evaluation of effectiveness of existing monitoring program to detect changes to receiving water bodies and provide recommendations for baseline, wet weather condition, and compliance testing frequency, parameters and process; 3) the analysis of the need for soil testing at potential wastewater discharge outfalls ; 4) the identification of any water quality data gaps in existing monitoring to ensure adequate coverage for determining the effects of any wastewater discharge to the water body; 5) the creation of a Water Quality Report Card to be published on the Respondent's website and distributed  to the public.  By April 30, 2018~~May 31, 2017~~, Respondent shall update its Capacity, Management, Operation, and Maintenance (CMOM) Program for its sanitary sewer collection system.  This shall be done in accordance with USEPA document 305-B-05-002, dated January 2005, and shall contain an updated Sanitary Sewer Overflow Response Plan, which in turn, shall contain detailed provisions for environmental monitoring derived from the Water Quality Monitoring Assessment Report.   The Respondent will also include a detailed section in the CMOM

DEP vs. City of St. Petersburg
Consent Order, OGC No. 16-1280
Page 8 of 14

on public notification providing for posting of signage within 24 hour of a wastewater discharge at or near recreational waters identified in the Water Quality Monitoring Assessment Report and the method for public notification within 24 hours of wastewater discharges to Waters of the State  to Respondent's website, social media and other media outlets. ~~and public notification of an unpermitted discharge~~.

9.      In any event, by December 31, 202~~1~~2, and thereafter, the Facilities and Systems shall be in compliance with all Department rules that are the subject of this Consent Order.

10.     Within 90 days of the effective date of this Order, Respondent shall submit a written estimate of the total cost of the corrective actions required by this Order to the Department.  The written estimate shall identify the information the Respondent relied upon to provide the estimate.

11.     Within 60 days of the effective date of this Order, Respondent shall pay the Department $10,000.00 for costs and expenses incurred by the Department during the investigation of this matter and the preparation and tracking of this Order.

12.     Respondent agrees to pay to the Department stipulated penalties in the amount of $1,000.00 per day for each day Respondent fails to comply with paragraphs 6 through 9, 16 through 18 and 31 of this Order. The Department may demand stipulated penalties at any time after violations occur.  Respondent shall pay stipulated penalties owed within 30 days of the Department's issuance of written demand for payment, and shall do so as further described in paragraph 19, below.  Nothing in this paragraph shall prevent the Department from filing suit to specifically enforce any terms of this Order.  If the Department is required to file suit to recover stipulated penalties, the Department will not be foreclosed from seeking civil penalties for violations of this Order or any other provision of law in an amount greater than the stipulated penalties under this paragraph.

13.     For any discharge of wastewater from any of Respondent's Facilities or Systems through a point source not permitted in any NPDES permit, as well as any overflow, spill or release of wastewater to public or private property from any of Respondent's Facilities or Systems (Discharge), Respondent agrees to pay to the Department stipulated penalties as follows:

| a. | Amount per day per Discharge | Discharge Volume |
|---|---|---|
| | $500.00 | up to 5,000 gallons |
| | $1,0000.00 | 5,001 to 10,000 gallons |
| | $2,500.00 | 10,001 to 25,000 gallons |

DEP vs. City of St. Petersburg
Consent Order, OGC No. 16-1280
Page 9 of 14

|  | |
|---|---|
| $5,000.00 | 25,001 to 100,000 gallons |
| $10,000.00 | more than 100,000 gallons |

b.      Under this paragraph, the term "day" shall mean each successive 24-hour period after the commencement of the Discharge. Each Discharge shall be considered to have ceased when the Discharge has ceased. The Department will evaluate each Discharge on a case-by-case basis and the Department may decide at its sole discretion not to collect or demand a penalty. The Department may demand stipulated penalties at any time after violations occur.  Respondent shall pay stipulated penalties owed within 30 days of the Department's issuance of written demand for payment, and shall do so as further described in paragraph 19, below.  On an assessed penalty under this paragraph, the Respondent may elect to off-set the penalty amount by implementing a Department approved Pollution Prevention (P2) Project.  Nothing in this paragraph shall prevent the Department from filing suit to specifically enforce any terms of this Order.

d.      If the Department is required to file suit to recover stipulated penalties, the Department will not be foreclosed from seeking civil penalties for violations of this Order or any other provision of law in an amount greater than the stipulated penalties under this paragraph.

14.      Within 30 days after the Effective Date of this Order, Respondent shall pay to the Department $810,000.00 as a civil penalty for the violations in paragraph 5.

15.      In lieu of making cash payment of $810,000.00 in civil penalties as set forth in Paragraph 14., Respondent may elect to off-set the amount of $810,000.00 by implementing a Pollution Prevention (P2) Project, which must be approved by the Department.  P2 is a process improvement that reduces the amount of pollution that enters the environment; by conserving resource (including water, raw materials, chemicals, and energy) use, or by minimizing waste generation (including domestic and industrial wastewater, solid and hazardous waste, and air emissions).  A P2 Project must reduce pollution or waste within the process beyond what is required by federal, state, or local law, to be eligible for civil penalty offset under this Order.  If Respondent chooses to implement a P2 Project, Respondent shall notify the Department of its election by certified mail within 30 days of the effective date of this Order.

16.      If Respondent elects to implement a P2 Project as provided in Paragraph 15, Respondent shall submit a completed P2 Project Plan (Plan) within 60 days of the effective date of this Order.  The Plan must be completed using Exhibit 1, "P2 Project Plan" template.

DEP vs. City of St. Petersburg
Consent Order, OGC No. 16-1280
Page 10 of 14

17.     In the event the Department requires additional information to process the Plan described in Paragraph 15, Respondent shall provide a modified Plan containing the information requested by the Department within 30 days of the date of the request.

18.     If any balance remains after the entire P2 credit is applied to the allowable portion of the civil penalty, Respondent shall pay the difference within 30 days of written notification by the Department to Respondent that the balance is due.

19.     Respondent shall make all payments required by this Order by cashier's check, money order, City check or on-line payment.  Cashier's check, money order, or City check shall be made payable to the "Department of Environmental Protection" and shall include both the OGC number assigned to this Order and the notation "Water Quality Assurance Trust Fund."  Online payments by e-check can be made by going to the DEP Business Portal: http://www.fldepportal.com/go/pay/.  It will take several days after this order is final and effective filed with the Clerk of the Department before ability to make online payment is available.

20.     Except as otherwise provided, all submittals and payments required by this Order shall be sent to ~~Michele Duggan~~_____, Environmental Consultant, Compliance Assurance Program, Department of Environmental Protection, Southwest District Office, 13051 N. Telecom Parkway, Temple Terrace, Florida 33637-0926, email: _____ ~~Michele.Duggan@dep.state.fl.us~~.

21.     Respondent shall allow all authorized representatives of the Department access to the Facilities and the Properties at reasonable times for determining compliance with the terms of this Order and the rules and statutes administered by the Department.

22.     If any event, including administrative or judicial challenges by third parties unrelated to Respondent, occurs which causes delay or the reasonable likelihood of delay in complying with the requirements of this Order, Respondent shall have the burden of proving the delay was or will be caused by circumstances beyond the reasonable control of Respondent and could not have been or cannot be overcome by Respondent's due diligence.  Neither economic circumstances nor the failure of a contractor, subcontractor, materialman, or other agent (collectively referred to as "contractor") to whom responsibility for performance is delegated to meet contractually imposed deadlines shall be considered circumstances beyond the control of Respondent (unless the cause of the contractor's late performance was also beyond the contractor's control).  Upon occurrence of an

DEP vs. City of St. Petersburg
Consent Order, OGC No. 16-1280
Page 11 of 14

event causing delay, or upon becoming aware of a potential for delay, Respondent shall notify the Department by the next working day and shall, within seven calendar days notify the Department in writing of (a) the anticipated length and cause of the delay, (b) the measures taken or to be taken to prevent or minimize the delay, and (c) the timetable by which Respondent intends to implement these measures.  If the parties can agree that the delay or anticipated delay has been or will be caused by circumstances beyond the reasonable control of Respondent, the time for performance hereunder shall be extended.  The agreement to extend compliance must identify the provision or provisions extended, the new compliance date or dates, and the additional measures Respondent must take to avoid or minimize the delay, if any.  Failure of Respondent to comply with the notice requirements of this paragraph in a timely manner constitutes a waiver of Respondent's right to request an extension of time for compliance for those circumstances.

23.     The Department, for and in consideration of the complete and timely performance by Respondent of all the obligations agreed to in this Order, hereby conditionally waives its right to seek judicial imposition of damages or civil penalties for the violations described above up to the date of the filing of this Order.  This waiver is conditioned upon Respondent's complete compliance with all the terms of this Order.

24.     This Consent Order covers all SSOs and discharge violations, including unpermitted discharges and any discharges in violation of Respondent's MS4 Permit, that occurred from any of Respondent's Facilities or Systems and that were known by the Department as of the effective date of this Consent Order.

24.     This Order is a settlement of the Department's civil and administrative authority arising under Florida law to resolve the matters addressed herein.  This Order is not a settlement of any criminal liabilities which may arise under Florida law, nor is it a settlement of any violation which may be prosecuted criminally or civilly under federal law.  Entry of this Order does not relieve Respondent of the need to comply with applicable federal, state, or local laws, rules, or ordinances.

25.     The Department hereby expressly reserves the right to initiate appropriate legal action to address any violations of statutes or rules administered by the Department that are not specifically resolved by this Order.

DEP vs. City of St. Petersburg
Consent Order, OGC No. 16-1280
Page 12 of 14

26.    Respondent is fully aware that a violation of the terms of this Consent Order may subject Respondent to judicial imposition of damages, civil penalties up to $10,000.00 per day per violation, and criminal penalties.

27.    Respondent acknowledges and waives its right to an administrative hearing pursuant to sections 120.569 and 120.57, Fla. Stat., on the terms of this Order.  Respondent also acknowledges and waives its right to appeal the terms of this Order pursuant to section 120.68, Fla. Stat.

28.    Electronic signatures or other versions of the parties' signatures, such as .pdf or facsimile, shall be valid and have the same force and effect as originals.  No modifications of the terms of this Order will be effective until reduced to writing, executed by both Respondent and the Department, and filed with the clerk of the Department.

29.    The terms and conditions set forth in this Order may be enforced in a court of competent jurisdiction pursuant to sections 120.69 and 403.121, Fla. Stat.  Failure to comply with the terms of this Order constitutes a violation of section 403.161(1)(b), Fla. Stat.

30.    This Order is a final order of the Department pursuant to section 120.52(7), Fla. Stat., and it is final and effective on the date filed with the Clerk of the Department unless a Petition for Administrative Hearing is filed in accordance with Chapter 120, Fla. Stat.  Upon the timely filing of a petition, this Order will not be effective until further order of the Department.

31.    Respondent shall publish the following notice in a newspaper of daily circulation in Pinellas County, Florida.  The notice shall be published one time only within 15 days of the effective date of the Order.  Respondent shall provide a certified copy of the published notice to the Department within 10 days of publication.

<u>STATE OF FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION</u>
<u>NOTICE OF CONSENT ORDER</u>
   The Department of Environmental Protection ("Department") gives notice of agency action of entering a Consent Order with the City of St. Petersburg, pursuant to section 120.57(4), Florida Statutes.  The Consent Order addresses alleged unpermitted wastewater and effluent discharges from the City's wastewater reclamation facilities and associated wastewater collection/transmission systems to State waters, and the implementation plan to minimize further discharges.  The Consent Order is available for public inspection during normal business hours, 8:00 a.m. to 5:00 p.m., Monday through Friday, except legal holidays, at the Department of Environmental Protection, Southwest District Office, 13051 North Telecom Parkway, Temple Terrace, Florida 33637-0926**.**
   Persons who are not parties to this Consent Order, but whose substantial interests are affected by it, have a right to petition for an administrative hearing under sections 120.569 and 120.57,

DEP vs. City of St. Petersburg
Consent Order, OGC No. 16-1280
Page 13 of 14

Florida Statutes.  Because the administrative hearing process is designed to formulate final agency action, the filing of a petition concerning this Consent Order means that the Department's final action may be different from the position it has taken in the Consent Order.

The petition for administrative hearing must contain all the following information:

a)   The OGC Number assigned to this Consent Order;
b)   The name, address, and telephone number of each petitioner; the name, address, and telephone number of the petitioner's representative, if any, which shall be the address for service purposes during the proceeding;
c)   An explanation of how the petitioner's substantial interests will be affected by the Consent Order;
d)   A statement of when and how the petitioner received notice of the Consent Order;
e)   Either a statement of all material facts disputed by the petitioner or a statement that the petitioner does not dispute any material facts;
f)   A statement of the specific facts the petitioner contends warrant reversal or modification of the Consent Order;
g)   A statement of the rules or statutes the petitioner contends require reversal or modification of the Consent Order; and
h)   A statement of the relief sought by the petitioner, stating precisely the action petitioner wishes the Department to take with respect to the Consent Order.

The petition must be filed (received) at the Department's Office of General Counsel, 3900 Commonwealth Boulevard, MS# 35, Tallahassee, Florida 32399-3000 within 21 days of receipt of this notice.  A copy of the petition must also be mailed at the time of filing to the District Office at Florida Department of Environmental Protection, Southwest District Office, 13051 North Telecom Parkway, Temple Terrace, Florida 33637-0926.  Failure to file a petition within the 21-day period constitutes a person's waiver of the right to request an administrative hearing and to participate as a party to this proceeding under sections 120.569 and 120.57, Florida Statutes.  Before the deadline for filing a petition, a person whose substantial interests are affected by this Consent Order may choose to pursue mediation as an alternative remedy under section 120.573, Florida Statutes.  Choosing mediation will not adversely affect such person's right to request an administrative hearing if mediation does not result in a settlement.  Additional information about mediation is provided in section 120.573, Florida Statutes and Rule 62-110.106(12), Florida Administrative Code.

32.   Rules referenced in this Order are available at

http://www.dep.state.fl.us/legal/Rules/rulelist.htm

DEP vs. City of St. Petersburg
Consent Order, OGC No. 16-1280
Page 14 of 14


FOR THE RESPONDENT:


_____
Rick Kriseman
Mayor
City of St. Petersburg


DONE AND ORDERED this _____ day of _____, 2017́6 in Hillsborough County, Florida.


STATE OF FLORIDA DEPARTMENT
OF ENVIRONMENTAL PROTECTION


_____
Mary E. Yeargan, PG
District Director
Southwest District Office


FILED, on this date, pursuant to section 120.52, FLA. STAT., with the designated Department Clerk, receipt of which is hereby acknowledged.


_____          _____
Clerk                                     Date


Attachments:   Exhibit 1: P2 Project Plan

Copies furnished to:
Lea Crandall, Agency Clerk, Mail Station 35
DW_CO (REV. 06/09)

BEFORE THE STATE OF FLORIDA
DEPARTMENT OF ENVIRONMENTAL PROTECTION

| | | |
|---|---|---|
| STATE OF FLORIDA DEPARTMENT | ) | IN THE OFFICE OF THE |
| OF ENVIRONMENTAL PROTECTION | ) | SOUTHWEST DISTRICT |
| | ) | |
| v. | ) | OGC FILE NO. 16-1280 |
| | ) | |
| CITY OF ST. PETERSBURG. | ) | |
| | ) | |

CONSENT ORDER

This Consent Order (Order) is entered between the State of Florida Department of Environmental Protection (Department) and the City of St. Petersburg (Respondent) to reach settlement of certain matters at issue between the Department and Respondent.

The Department finds and the Respondent neither admits nor denies the following:

1.  The Department is the administrative agency of the State of Florida having the power and duty to protect Florida's air and water resources and to administer and enforce the provisions of Chapter 403, Florida Statutes (Fla. Stat.), and the rules promulgated and authorized in Title 62, Florida Administrative Code (Fla. Admin. Code R.).  The Department has jurisdiction over the matters addressed in this Order.

2.  The Respondent is a municipal corporation in the State of Florida and a person within the meaning of Section 403.031(5), Fla. Stat.

3.  The Respondent is the owner and operator of the following wastewater treatment facilities (Facilities) and associated wastewater collection/transmission systems (Systems), as well as the operator of the municipal separate storm sewer systems ("MS4") operated under State of Florida Municipal Separate Storm Sewer System Permit NPDES Permit No. FLS000007-004 ("MS4 Permit"), serving the City of St. Petersburg and other portions of Pinellas County:

| | |
|---|---|
| Albert Whitted Water Reclamation Facility | 601 8th Ave. S.E. |
| Northeast Water Reclamation Facility | 1160 62nd Ave. N.E. |
| Northwest Water Reclamation Facility | 7500 26th Ave. N. |
| Southwest Water Reclamation Facility | 3800 54th Ave. S. |
| St. Petersburg Master Reuse System | 1650 Third Ave. N. |

4.  The Facilities are further described as follows:

DEP vs. City of St. Petersburg
Consent Order, OGC No. 16-1280
Page 2 of 14

      a.    Albert Whitted Water Reclamation Facility (Albert Whitted Facility), a 12.4 million gallons per day (MGD) annual average daily flow (AADF), Type I modified conventional activated sludge domestic wastewater treatment plant.  The Albert Whitted Facility, although currently closed, was operated under Wastewater Permit No. FLA128830 (Albert Permit), issued on June 4, 2012 (Albert Permit expires on June 3, 2017).  The Albert Whitted Facility is located at 601 8th Avenue Southeast, St. Petersburg, in Pinellas County, Florida (Albert Property).  The Respondent owns the Albert Property on which the Albert Whitted Facility is located.

      b.    Northeast Water Reclamation Facility (Northeast Facility), a 16.0 million gallons per day (MGD) annual average daily flow (AADF), Type I complete-mix activated sludge domestic wastewater treatment plant.  The Northeast Facility is operated under Wastewater Permit No. FLA128856 (Northeast Permit), which became effective on June 13, 2016, and will expire on June 12, 2021.  The Northeast Facility is located at 1160 62nd Ave Northeast, St. Petersburg, in Pinellas County, Florida (Northeast Property).  The Respondent owns the Northeast Property on which the Northeast Facility is located.

      c.    Northwest Water Reclamation Facility (Northwest Facility), a 20.0 million gallons per day (MGD) annual average daily flow (AADF), Type I, complete mix activated sludge, domestic wastewater treatment plant.  The Northwest Facility is operated under Wastewater Permit No. FLA128821 (Northwest Permit), which became effective on September 14, 2015, and will expire on September 13, 2020.  The Northwest Facility is located at 7500 26th Avenue North, St. Petersburg, in Pinellas County, Florida (Northwest Property).  The Respondent owns the Northwest Property on which the Northwest Facility is located.

      d.    Southwest Water Reclamation Facility (Southwest Facility), a 20.0 million gallons per day (MGD) annual average daily flow (AADF), Type I, complete mix activated sludge, domestic wastewater treatment plant.  The Southwest Facility is operated under Wastewater Permit No. FLA128848 (Southwest Permit), which became effective on June 29, 2015, revised on July 29, 2015, and will expire on June 28, 2017.  The Southwest Facility is located at 3800 54th Avenue South, St. Petersburg, in Pinellas County, Florida (Southwest Property).  The Respondent owns the Southwest Property on which the Southwest Facility is located.

      e.    St. Petersburg Master Reuse System (St. Petersburg Reuse), a 5668.4

**Commented [A1]:** Permit says that upon removal of AWWRF than the number is 56 MGD.

DEP vs. City of St. Petersburg
Consent Order, OGC No. 16-1280
Page 3 of 14

million gallons per day (MGD) annual average daily flow (AADF), Part III slow-rate public

access master reuse system.  The St. Petersburg Reuse is operated under Wastewater Permit

No. FLA012881 (St. Petersburg Permit), which became effective on April 11, 2013, and will

expire on April 10, 2023.  The St. Petersburg Reuse is located city-wide with offices at 1650

3rd Avenue North, St. Petersburg, in Pinellas County, Florida (St. Petersburg Property).

     5.     The Department makes the following findings of fact and conclusions of law to

which the Respondent neither admits nor denies:

     a.     Beginning in July 25, 2015, and continuing through August 22, 2015 several

weather systems moved into and stalled over the State of Florida bringing heavy rainfall, strong

winds, tidal surge, record river flood staging, flash floods and heavily saturated ground.

     ba.     From August 2, 2015 through August 10, 2015, unpermitted discharges of

wastewater and effluent from several of the Facilities and Systems into waters of the State and/or

into adjacent canals, ditches and ponds that are connected to waters of the State occurred.  These

unpermitted discharges resulted in the release of approximately 31.5 million gallons of untreated

wastewater and effluent.  The Respondent reported these discharges to the Department.

     c.     On August 6, 2015 Governor Rick Scott declared Executive Order Number

15-158, a State of Emergency for Severe Weather and Flooding in Five Counties, which included

Dixie, Hillsborough, Pasco, Pinellas and Taylor Counties. Section 3 delegates Local Government

Agencies the authority to waive or deviate from their respective rules, ordinances, or orders.

     db.     On June 6, 2016 Governor Rick Scott declared Executive Order Number

16-136, a State of Emergency for Tropical Storm Colin, which included 34 counties including

Pinellas County.  Section 4 authorizes some State, regional and local agencies and other governmen-

tal bodies, in responding to the emergency, to waive or deviate from the statutes, rules ordinances,

and orders they administer.

     e.     From June 6, 2016 through June 9, 2016, unpermitted discharges of

wastewater and effluent from several of the Facilities and Systems into waters of the State and/or

into adjacent canals, ditches and ponds that are connected to waters of the State occurred.  These

unpermitted discharges resulted in the release of approximately 230,000 gallons of untreated

wastewater and effluent through overflows at manholes and 9.77 million gallons of partially treated

DEP vs. City of St. Petersburg
Consent Order, OGC No. 16-1280
Page 4 of 14

wastewater through the emergency outfall at Albert Whitted Facility.  The Respondent reported these discharges to the Department.

      f.    On August 31, 2016 Governor Rick Scott declared Executive Order Number 16-205, a State of Emergency for Tropical Depression #9, which included 42 counties (expanded to 51 counties), which included Pinellas County. Section 4 authorizes some State, regional and local agencies and other governmental bodies, in responding to the emergency, to waive or deviate from the statutes, rules ordinances, and orders they administer.

g̶e̶.   From August 31, 2016 through September 13, 2016, unpermitted discharges of wastewater and effluent from several of the Facilities and Systems into waters of the State and/or into adjacent canals, ditches and ponds that are connected to waters of the State occurred.  These unpermitted discharges resulted in the release of an unknown volume of untreated wastewater and effluent through overflows at manholes and lift stations; and between 78 and 93 million gallons of partially treated wastewater through the emergency outfall at the Albert Whitted Facility; and 58 million gallons of partially treated effluent from the Northwest Facility to adjacent properties to the south and into Jungle Lake to the north.  Additionally, 220.51 million gallons of partially treated effluent was disposed into the deep injection wells at the Northwest Facility, and 561 million gallons of partially treated effluent was disposed into the deep injection wells at the Southwest Facility. The Respondent reported these discharges to the Department.  An attempt was made to open an outfall to Boca Ciega Bay that was not successful and resulted in less than 1000 gallons of discharge from two manholes on 26th Avenue N, adjacent to the Northwest Facility.  The Respondent reported this discharge to the Department.

    h.   Other unpermitted discharges and/or discharges in violation of Respondent's MS4 Permit, occurring between 2011 and 2016, from several of the Facilities and Systems were reported to the Department by the Respondent and were considered by the Department and resolved by this Consent Order.

    h̶.i̶.̶   The facts contained in paragraphs 5b, 5e, and 5g and 5ja through 5e constitute violations by the Respondent of Fla. Admin. Code R. 62-600.410(1) and (3), 62-604.130(1), 62-604.130(4) as well as Section 403.161(1)(b) Fla. Stat.

> **Commented [A2]:** The actual value reported was 220.51 MG

DEP vs. City of St. Petersburg
Consent Order, OGC No. 16-1280
Page 5 of 14

Having reached a resolution of the matter Respondent and the Department mutually agree and it is **ORDERED:**

6.      Respondent shall comply with the following corrective actions within the stated time periods:

a.      No later than February 1, 2018, design and complete a "splitter box" to by-pass headworks and provide disc filters to the Southwest Facility to increase peak capacity.  No later than September 30, 2019 complete construction on the Southwest Facility's treatment improvements to increase its maximum daily treatment capacity (SW Construction).  SW Construction shall include but not necessarily be limited to improvementsexpansion of thethe headworks andto provide additional screening capacity; addition of a fourth secondary clarifier; additional effluent dual media filters and/or conversion to an alternate filtration technology; addition of a third chlorine contact basin; additional effluent pumps; additional and sufficient piping modifications to handle additional flow and;

b.      No later than February 28, 2018, complete construction of at least one of the two new injection wells at the Southwest Facility (SW Injection); No later than September 30, 2017 complete design and permitting for the SW Injection; No later than October 31, 2017 advertise for the construction of the SW Injection and;

c.      No later than February 28, 2018, complete construction of the new effluent filter at the Northwest Facility (NW Effluent Filter); No later than January 2017 begin design NW Effluent Filter; No later than October 31, 2017 begin construction of NW Effluent Filter and;

d.      No later than February 28, 2018, complete construction of a new injection well at the Northwest Facility (NW Injection); No later than September 30, 2017 complete design and permitting for the NW Injection; No later than October 31, 2017 advertise for the construction of the NW Injection; pumping upgrades shall be made to increase pressure at the new well(s) and;

e.      On No later than June 1, 2018, Respondent shall submit to the Department an a status update of the Integrated Water Resources Master Plan for evaluating current and future capabilities of Respondent's Facilities and Systems referenced in paragraph 3 and 4.  No later than June 1, 2019, Respondent shall complete and submit to the Department the Integrated Water Resource Master Plan which will provide for 1) modelling of the Facilities and Systems to determine the Fa-

DEP vs. City of St. Petersburg
Consent Order, OGC No. 16-1280
Page 6 of 14

cilities required to meet the planned level of service; 2) a long term Capital Improvement Plan for implementing identified potable water, reclaimed water, stormwater, and wastewater projects; 3) an assessment of needs to optimize and prioritize the investment into the System to maximize the benefits to meet environmental compliance and City needs; 4) Integrated plan to provide funding for the construction and processes to manage stormwater and wastewater projects; 5) a plan that incorporates of the Findings of the Flow Mitigation Report below, to provide for the priority and schedule for further projects and management to reduce stormwater inflow and infiltration into the wastewater system, and;

      f.    As part of the Integrated Water Resources Master Plan update, Respondent shall include a conclusion, with justification, whether Respondent should reopen the Albert Whitted Facility.  If Respondent concludes it should reopen the Albert Whitted Facility, Respondent shall provide a timeline with associated measures required to reopen.  If Respondent concludes it should not reopen the Albert Whitted Facility, then Respondent shall include a plan for providing alternative replacement capacity and;

      g.    No later than October 31, 2018⁷, submit the final report of Respondent's Wet Weather Flow Mitigation Program (Flow Mitigation Report).  The Flow Mitigation Report at a minimum shall provide the results of the flow monitoring study, a ranking of basins and the results of the inflow and infiltration (I/I) study; identify all areas within the entire wastewater collection system in need of replacement or rehabilitation; No later than December 31, 2016, Respondent shall complete first collection cycle of field data.  No later than December 31, 2017, Respondent shall complete second collection cycle of field data.  No later than October 31, 2018⁷, Respondent shall complete data evaluation and update the hydraulic model; No later than December 31, 2018, Respondent shall complete the stress test of the entire wastewater collection system and submit Flow Mitigation Report to the Department and;

      h.    As presented by the St. Petersburg City Council on October 20, 2016, the City has committed to spending $14 million per year on pipe lining, replacement, and manhole rehabilitation for at least the next five years.  The replacement shall target the areas of greatest I/I first.  No later than January 31, 2021, complete lining or replacement of the identified deteriorated public laterals within the City of St. Petersburg and the City shall pass an ordinance regarding the replacement of private laterals that contribute to I/I to the city's collection system and;

DEP vs. City of St. Petersburg
Consent Order, OGC No. 16-1280
Page 7 of 14

      i.      No later than ~~December~~ April 30~~1~~, 201~~7~~6, renew existing manhole rehabilitation contract and finish year 2 of existing cured in place pipe (CIPP) mainline sewer lining contract; No later than ~~January~~ April 30~~1~~, 2017, renew existing CIPP mainline sewer lining contract; No later than June 30, 2017,~~and~~ award a second CIPP mainline sewer and public laterals lining contract and;

      j.      Beginning 30 days from the effective date of this Order and continuing semiannually thereafter (i.e. the Implementation Report shall be due on January 28 and July 28 each year during the pendency of this Order), the Respondent shall submit a written report (Implementation Report) to the Department summarizing the status of implementing paragraphs 6.a. through 6.i. and proposing any modifications deemed essential to minimize wastewater overflows from the Systems and Facilities. Any modifications are subject to Department approval. The Implementation Report shall also include a projection of the work to be performed during the following year.

      7.      Upon the effective date of this Order, Respondent shall report to the Department all unpermitted wastewater and effluent discharges from the Systems and the Facilities as soon as possible, but within 24 hours from the time the Respondent becomes aware of the discharge, as required by 62-604.550 and 62-620.610(20) Fla. Admin. Code R., respectively.

      8.      No later than December 31, 2017, complete and submit to the Department a Water Quality Monitoring Assessment Report providing for 1) the identification of the public use of recreational waters in and around the area(s) of the potential wastewater discharge to such waters; 2) the evaluation of effectiveness of existing monitoring program to detect changes to receiving water bodies and provide recommendations for baseline, wet weather condition, and compliance testing frequency, parameters and process; 3) the analysis of the need for soil testing at potential wastewater discharge outfalls ; 4) the identification of any water quality data gaps in existing monitoring to ensure adequate coverage for determining the effects of any wastewater discharge to the water body; 5) the creation of a Water Quality Report Card to be published on the Respondent's website and distributed  to the public.  By April 30, 2018~~May 31, 2017~~, Respondent shall update its Capacity, Management, Operation, and Maintenance (CMOM) Program for its sanitary sewer collection system. This shall be done in accordance with USEPA document 305-B-05-002, dated January 2005, and shall contain an updated Sanitary Sewer Overflow Response Plan, which in turn, shall contain detailed provisions for environmental monitoring derived from the Water Quality Monitoring Assessment Report.   The Respondent will also include a detailed section in the CMOM

DEP vs. City of St. Petersburg
Consent Order, OGC No. 16-1280
Page 8 of 14

on public notification providing for posting of signage within 24 hour of a wastewater discharge at or near recreational waters identified in the Water Quality Monitoring Assessment Report and the method for public notification within 24 hours of wastewater discharges to Waters of the State  to Respondent's website, social media and other media outlets. and public notification of an unpermitted discharge.

9.     In any event, by December 31, 2021+2, and thereafter, the Facilities and Systems shall be in compliance with all Department rules that are the subject of this Consent Order.

10.     Within 90 days of the effective date of this Order, Respondent shall submit a written estimate of the total cost of the corrective actions required by this Order to the Department.  The written estimate shall identify the information the Respondent relied upon to provide the estimate.

11.     Within 60 days of the effective date of this Order, Respondent shall pay the Department $10,000.00 for costs and expenses incurred by the Department during the investigation of this matter and the preparation and tracking of this Order.

12.     Respondent agrees to pay to the Department stipulated penalties in the amount of $1,000.00 per day for each day Respondent fails to comply with paragraphs 6 through 9, 16 through 18 and 31 of this Order. The Department may demand stipulated penalties at any time after violations occur.  Respondent shall pay stipulated penalties owed within 30 days of the Department's issuance of written demand for payment, and shall do so as further described in paragraph 19, below.  Nothing in this paragraph shall prevent the Department from filing suit to specifically enforce any terms of this Order.  If the Department is required to file suit to recover stipulated penalties, the Department will not be foreclosed from seeking civil penalties for violations of this Order or any other provision of law in an amount greater than the stipulated penalties under this paragraph.

13.     For any discharge of wastewater from any of Respondent's Facilities or Systems through a point source not permitted in any NPDES permit, as well as any overflow, spill or release of wastewater to public or private property from any of Respondent's Facilities or Systems (Discharge), Respondent agrees to pay to the Department stipulated penalties as follows:

a.     Amount per day per Discharge        Discharge Volume
        $500.00                                          up to 5,000 gallons
        $1,0000.00                                     5,001 to 10,000 gallons
        $2,500.00                                      10,001 to 25,000 gallons

DEP vs. City of St. Petersburg
Consent Order, OGC No. 16-1280
Page 9 of 14

|  | |
|---|---|
| $5,000.00 | 25,001 to 100,000 gallons |
| $10,000.00 | more than 100,000 gallons |

b.      Under this paragraph, the term "day" shall mean each successive 24-hour period after the commencement of the Discharge. Each Discharge shall be considered to have ceased when the Discharge has ceased. The Department will evaluate each Discharge on a case-by-case basis and the Department may decide at its sole discretion not to collect or demand a penalty. The Department may demand stipulated penalties at any time after violations occur.  Respondent shall pay stipulated penalties owed within 30 days of the Department's issuance of written demand for payment, and shall do so as further described in paragraph 19, below. On an assessed penalty under this paragraph, the Respondent may elect to off-set the penalty amount by implementing a Department approved Pollution Prevention (P2) Project. Nothing in this paragraph shall prevent the Department from filing suit to specifically enforce any terms of this Order.

d.      If the Department is required to file suit to recover stipulated penalties, the Department will not be foreclosed from seeking civil penalties for violations of this Order or any other provision of law in an amount greater than the stipulated penalties under this paragraph.

14.      Within 30 days after the Effective Date of this Order, Respondent shall pay to the Department $810,000.00 as a civil penalty for the violations in paragraph 5.

15.      In lieu of making cash payment of $810,000.00 in civil penalties as set forth in Paragraph 14., Respondent may elect to off-set the amount of $810,000.00 by implementing a Pollution Prevention (P2) Project, which must be approved by the Department.  P2 is a process improvement that reduces the amount of pollution that enters the environment; by conserving resource (including water, raw materials, chemicals, and energy) use, or by minimizing waste generation (including domestic and industrial wastewater, solid and hazardous waste, and air emissions).  A P2 Project must reduce pollution or waste within the process beyond what is required by federal, state, or local law, to be eligible for civil penalty offset under this Order.  If Respondent chooses to implement a P2 Project, Respondent shall notify the Department of its election by certified mail within 30 days of the effective date of this Order.

16.      If Respondent elects to implement a P2 Project as provided in Paragraph 15, Respondent shall submit a completed P2 Project Plan (Plan) within 60 days of the effective date of this Order.  The Plan must be completed using Exhibit 1, "P2 Project Plan" template.

DEP vs. City of St. Petersburg
Consent Order, OGC No. 16-1280
Page 10 of 14

17.     In the event the Department requires additional information to process the
Plan described in Paragraph 15, Respondent shall provide a modified Plan containing the infor-
mation requested by the Department within 30 days of the date of the request.

18.     If any balance remains after the entire P2 credit is applied to the allowable portion of
the civil penalty, Respondent shall pay the difference within 30 days of written notification by the
Department to Respondent that the balance is due.

19.     Respondent shall make all payments required by this Order by cashier's check, mon-
ey order, City check or on-line payment.  Cashier's check, money order, or City check shall be
made payable to the "Department of Environmental Protection" and shall include both the OGC
number assigned to this Order and the notation "Water Quality Assurance Trust Fund."  Online
payments by e-check can be made by going to the DEP Business Portal:
http://www.fldepportal.com/go/pay/.  It will take several days after this order is final and effective
filed with the Clerk of the Department before ability to make online payment is available.

20.     Except as otherwise provided, all submittals and payments required by this Order
shall be sent to Michele Duggan_____, Environmental Consultant, Compliance As-
surance Program, Department of Environmental Protection, Southwest District Office, 13051 N.
Telecom Parkway, Temple Terrace, Florida 33637-0926, email:
_____ Michele.Duggan@dep.state.fl.us.

21.     Respondent shall allow all authorized representatives of the Department access to the
Facilities and the Properties at reasonable times for determining compliance with the terms of this
Order and the rules and statutes administered by the Department.

22.     If any event, including administrative or judicial challenges by third parties unrelated
to Respondent, occurs which causes delay or the reasonable likelihood of delay in complying with
the requirements of this Order, Respondent shall have the burden of proving the delay was or will
be caused by circumstances beyond the reasonable control of Respondent and could not have been
or cannot be overcome by Respondent's due diligence.  Neither economic circumstances nor the
failure of a contractor, subcontractor, materialman, or other agent (collectively referred to as "con-
tractor") to whom responsibility for performance is delegated to meet contractually imposed dead-
lines shall be considered circumstances beyond the control of Respondent (unless the cause of the
contractor's late performance was also beyond the contractor's control).  Upon occurrence of an

DEP vs. City of St. Petersburg
Consent Order, OGC No. 16-1280
Page 11 of 14

event causing delay, or upon becoming aware of a potential for delay, Respondent shall notify the Department by the next working day and shall, within seven calendar days notify the Department in writing of (a) the anticipated length and cause of the delay, (b) the measures taken or to be taken to prevent or minimize the delay, and (c) the timetable by which Respondent intends to implement these measures.  If the parties can agree that the delay or anticipated delay has been or will be caused by circumstances beyond the reasonable control of Respondent, the time for performance hereunder shall be extended.  The agreement to extend compliance must identify the provision or provisions extended, the new compliance date or dates, and the additional measures Respondent must take to avoid or minimize the delay, if any.  Failure of Respondent to comply with the notice requirements of this paragraph in a timely manner constitutes a waiver of Respondent's right to request an extension of time for compliance for those circumstances.

23.     The Department, for and in consideration of the complete and timely performance by Respondent of all the obligations agreed to in this Order, hereby conditionally waives its right to seek judicial imposition of damages or civil penalties for the violations described above up to the date of the filing of this Order.  This waiver is conditioned upon Respondent's complete compliance with all the terms of this Order.

24.     This Consent Order covers all SSOs and discharge violations, including unpermitted discharges and any discharges in violation of Respondent's MS4 Permit, that occurred from any of Respondent's Facilities or Systems and that were known by the Department as of the effective date of this Consent Order.

24.     This Order is a settlement of the Department's civil and administrative authority arising under Florida law to resolve the matters addressed herein.  This Order is not a settlement of any criminal liabilities which may arise under Florida law, nor is it a settlement of any violation which may be prosecuted criminally or civilly under federal law.  Entry of this Order does not relieve Respondent of the need to comply with applicable federal, state, or local laws, rules, or ordinances.

25.     The Department hereby expressly reserves the right to initiate appropriate legal action to address any violations of statutes or rules administered by the Department that are not specifically resolved by this Order.

DEP vs. City of St. Petersburg
Consent Order, OGC No. 16-1280
Page 12 of 14

26.     Respondent is fully aware that a violation of the terms of this Consent Order may subject Respondent to judicial imposition of damages, civil penalties up to $10,000.00 per day per violation, and criminal penalties.

27.     Respondent acknowledges and waives its right to an administrative hearing pursuant to sections 120.569 and 120.57, Fla. Stat., on the terms of this Order.  Respondent also acknowledges and waives its right to appeal the terms of this Order pursuant to section 120.68, Fla. Stat.

28.     Electronic signatures or other versions of the parties' signatures, such as .pdf or facsimile, shall be valid and have the same force and effect as originals.  No modifications of the terms of this Order will be effective until reduced to writing, executed by both Respondent and the Department, and filed with the clerk of the Department.

29.     The terms and conditions set forth in this Order may be enforced in a court of competent jurisdiction pursuant to sections 120.69 and 403.121, Fla. Stat.  Failure to comply with the terms of this Order constitutes a violation of section 403.161(1)(b), Fla. Stat.

30.     This Order is a final order of the Department pursuant to section 120.52(7), Fla. Stat., and it is final and effective on the date filed with the Clerk of the Department unless a Petition for Administrative Hearing is filed in accordance with Chapter 120, Fla. Stat.  Upon the timely filing of a petition, this Order will not be effective until further order of the Department.

31.     Respondent shall publish the following notice in a newspaper of daily circulation in Pinellas County, Florida.  The notice shall be published one time only within 15 days of the effective date of the Order.  Respondent shall provide a certified copy of the published notice to the Department within 10 days of publication.

<u>STATE OF FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION</u>
<u>NOTICE OF CONSENT ORDER</u>

The Department of Environmental Protection ("Department") gives notice of agency action of entering a Consent Order with the City of St. Petersburg, pursuant to section 120.57(4), Florida Statutes.  The Consent Order addresses alleged unpermitted wastewater and effluent discharges from the City's wastewater reclamation facilities and associated wastewater collection/transmission systems to State waters, and the implementation plan to minimize further discharges.  The Consent Order is available for public inspection during normal business hours, 8:00 a.m. to 5:00 p.m., Monday through Friday, except legal holidays, at the Department of Environmental Protection, Southwest District Office, 13051 North Telecom Parkway, Temple Terrace, Florida 33637-0926**.**

Persons who are not parties to this Consent Order, but whose substantial interests are affected by it, have a right to petition for an administrative hearing under sections 120.569 and 120.57,

DEP vs. City of St. Petersburg
Consent Order, OGC No. 16-1280
Page 13 of 14

Florida Statutes.  Because the administrative hearing process is designed to formulate final agency action, the filing of a petition concerning this Consent Order means that the Department's final action may be different from the position it has taken in the Consent Order.

The petition for administrative hearing must contain all the following information:

a)  The OGC Number assigned to this Consent Order;
b)  The name, address, and telephone number of each petitioner; the name, address, and telephone number of the petitioner's representative, if any, which shall be the address for service purposes during the proceeding;
c)  An explanation of how the petitioner's substantial interests will be affected by the Consent Order;
d)  A statement of when and how the petitioner received notice of the Consent Order;
e)  Either a statement of all material facts disputed by the petitioner or a statement that the petitioner does not dispute any material facts;
f)  A statement of the specific facts the petitioner contends warrant reversal or modification of the Consent Order;
g)  A statement of the rules or statutes the petitioner contends require reversal or modification of the Consent Order; and
h)  A statement of the relief sought by the petitioner, stating precisely the action petitioner wishes the Department to take with respect to the Consent Order.

The petition must be filed (received) at the Department's Office of General Counsel, 3900 Commonwealth Boulevard, MS# 35, Tallahassee, Florida 32399-3000 within 21 days of receipt of this notice.  A copy of the petition must also be mailed at the time of filing to the District Office at Florida Department of Environmental Protection, Southwest District Office, 13051 North Telecom Parkway, Temple Terrace, Florida 33637-0926.  Failure to file a petition within the 21-day period constitutes a person's waiver of the right to request an administrative hearing and to participate as a party to this proceeding under sections 120.569 and 120.57, Florida Statutes.  Before the deadline for filing a petition, a person whose substantial interests are affected by this Consent Order may choose to pursue mediation as an alternative remedy under section 120.573, Florida Statutes.  Choosing mediation will not adversely affect such person's right to request an administrative hearing if mediation does not result in a settlement.  Additional information about mediation is provided in section 120.573, Florida Statutes and Rule 62-110.106(12), Florida Administrative Code.

32.     Rules referenced in this Order are available at

http://www.dep.state.fl.us/legal/Rules/rulelist.htm

DEP vs. City of St. Petersburg
Consent Order, OGC No. 16-1280
Page 14 of 14


FOR THE RESPONDENT:


_____
Rick Kriseman
Mayor
City of St. Petersburg


DONE AND ORDERED this _____ day of _____, 2017 in Hillsborough
County, Florida.


STATE OF FLORIDA DEPARTMENT
OF ENVIRONMENTAL PROTECTION


_____
Mary E. Yeargan, PG
District Director
Southwest District Office


FILED, on this date, pursuant to section 120.52, FLA. STAT., with the designated Depart-
ment Clerk, receipt of which is hereby acknowledged.


_____          _____
Clerk                                      Date


Attachments:  Exhibit 1: P2 Project Plan

Copies furnished to:
Lea Crandall, Agency Clerk, Mail Station 35
DW_CO (REV. 06/09)