UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SUNCOAST WATERKEEPER, et al.,**

    **Plaintiffs,**

v.                                                              **Case No. 8:16-cv-3319-T-27AEP**

**CITY OF ST. PETERSBURG,**

    **Defendant.**

_____/

## **ORDER**

**BEFORE THE COURT** is Defendant's Motion to Amend Modified Case Management Order (Dkt. 125), which Plaintiffs oppose (Dkt. 126). Upon consideration, the motion (Dkt. 125) is **GRANTED** *in part*.

The Case Management and Scheduling Order provides, in pertinent part:

> A party's claims or defenses for which summary judgment is sought shall be presented in a single motion and legal memorandum. Multiple motions for summary judgment will not be permitted.

(Dkt. 37, as modified by Dkt. 93). Notwithstanding, Defendant filed a second motion for summary judgment seeking partial summary judgment on October 30, 2017. (Dkt. 114).

Defendant seeks amendment of the CMSO "to allow the Defendant's Motion for Partial Summary Judgment . . . and such additional dispositive motions as the Court deems appropriate." (Dkt. 125). Plaintiffs oppose amendment on the grounds that Defendant's filing of the second motion for summary judgment should not be excused, and Defendant's motion does not actually narrow the issues, but rather is an untimely response to Plaintiffs' motion for partial summary judgment. (Dkt. 126). In the alternative, Plaintiffs request that the Court schedule another case management

conference and that they be permitted to file an equal number of additional motions for summary judgment as Defendant. (*Id.*). That request is DENIED.

Defendant argues that allowing it to file two motions for summary judgment would help narrow the issues because its first motion addresses only a threshold question. Defendant's first motion for summary judgment addresses subject matter jurisdiction on the ground that the State of Florida commenced and is diligently prosecuting an enforcement proceeding similar to the Clean Water Act enforcement scheme with respect to the violations alleged in Plaintiffs' citizens suit. (Dkt. 54). Defendant's second motion for summary judgment (Dkt. 114) addresses specific alleged violations "in the event the Court finds that jurisdiction exists." (Dkt. 125). To the extent the parties' respective motions for partial summary judgment address the same discharges, as Plaintiffs contend, the motions assert different arguments with respect to those discharges.[1] Accordingly, resolution of the parties' respective motions for partial summary judgment, notwithstanding Defendant's earlier motion for summary judgment on the threshold issue of subject matter jurisdiction, would serve the useful purpose of potentially narrowing the issues for trial.

Plaintiffs' request for sanctions against Defendant is DENIED.[2] There is no basis for finding that Defendant *willfully* disobeyed the CMSO by filing the second motion for summary judgment. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991).

Neither party explains why additional motions for summary judgment are necessary.

---

[1] Plaintiffs' motion for partial summary judgment asserts that Plaintiffs have standing, and that there is no genuine dispute of material fact that Plaintiffs established all of the elements of a CWA violation with respect to specific discharges. (Dkt. 101). Defendant's motion for partial summary judgment argues that it is entitled to summary judgment with respect to a greater number of discharges on the grounds that the undisputed material facts demonstrate either that there is no reasonable expectation of repeat violations or that the discharges did not enter the waters of the United States. (Dkt. 114).

[2] Plaintiffs's request for sanctions does nothing to further a resolution of this case.

2

Plaintiffs' request for an equal number of summary judgment motions merely because Defendant filed a second one is not persuasive, nor is their request to allow additional summary judgment motions to address possible "additional sewage spills," because this case centers on the discharges alleged in their Second Amended Complaint. And Defendant does not persuasively explain how possible future events in separate Florida administrative proceedings might require additional motions for summary judgment relating to Plaintiffs' CWA claims in this case.

Accordingly, Defendant's Motion to Amend Modified Case Management Order (Dkt. 125) is **GRANTED** *in part*. The CMSO (Dkt. 37, as amended by Dkt. 93) is amended to the extent that Defendant is retroactively granted leave to file its Motion for Partial Summary Judgment (Dkt. 114). All other provisions of the CMSO remain in effect. Further motions for summary judgment are not permitted without leave of Court.

**DONE AND ORDERED** this 18th day of January, 2018.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of record