# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**SUNCOAST WATERKEEPER, et al.,**

    **Plaintiffs,**

v.                                                            Case No: 8:16-cv-3319-T-27AEP

**CITY OF ST. PETERSBURG,**

    **Defendant.**
_____/

## ORDER

**BEFORE THE COURT** are Defendant's Motion for Summary Judgment (Dkt. 54) and Plaintiffs' opposition (Dkt. 67). Defendant moves for summary judgment, contending that the Court lacks subject matter jurisdiction because a Florida Department of Environmental Protection ("FDEP") enforcement proceeding against Defendant bars Plaintiffs' citizen suit under the Clean Water Act. Upon consideration, Defendant's motion is **DENIED**.

## I. BACKGROUND

Plaintiffs filed a citizen suit against Defendant under section 1365 of the Clean Water Act, 33 U.S.C. §§ 1251-1388, on December 2, 2016. (Dkt. 1). They allege Defendant violated the CWA by discharging pollutants into the waters of the United States without permit authorization or in excess of applicable permits. (Second Amended Complaint, Dkt. 87 at ¶ 6).

Defendant notified the FDEP of a bypass occurring on or about June 7, 2016. *See* (FDEP June 9, 2016 letter, Dkt. 54-1, Ex. A). The FDEP responded on June 9, 2016, stating that it "has observed a pattern between rainfall events and discharges/bypasses and requests a meeting with you within the next seven days. The purpose of this meeting will be to evaluate compliance with the

City's permits and to discuss measures which you have, or need to have, in place to eliminate the discharges/bypasses that have occurred." (*Id.*). A meeting between representatives of Defendant and the FDEP occurred on June 17, 2016. (Meeting notes, Dkt. 54-1, Ex. B). The FDEP internally approved a proposed consent order on August 29, 2016. (FDEP August 29, 2016 e-mail, Dkt. 54-1, Ex. D). On September 16, 2016, the FDEP provided Defendant a "proposed Consent Order OGC File No. 16-1280 to address the issues associated with waste water discharges from the Collection Systems and Water Reclamation Facilities owned and operated by the City of St. Petersburg." (FDEP September 16, 2016 letter and proposed consent order, Dkt. 54-1, Ex. E).

On September 28, 2016, Plaintiffs provided notice of Defendant's alleged violations of the CWA to the EPA Administrator, the FDEP and Defendant. (Sixty-Day Notice of Violations of Clean Water Act, Dkt. 1-1). As noted, Plaintiffs filed their citizen suit against Defendant on December 2, 2016. (Complaint, Dkt. 1). Defendant moves for final summary judgment, contending that the FDEP commenced and is diligently prosecuting an enforcement proceeding against it that is comparable a CWA enforcement proceeding and, therefore, the Court lacks subject matter jurisdiction over Plaintiffs' citizen suit.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A genuine factual dispute exists only if a reasonable fact-finder 'could find by a preponderance of the evidence that the [non-movant] is entitled to a verdict.'" *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1300 (11th Cir. 2012) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). A fact is material if it may affect the outcome of the suit under governing law. *Allen v. Tyson Foods, Inc.*, 121 F.3d

642, 646 (11th Cir. 1997).

The moving party bears the initial burden of showing that there are no genuine disputes of material fact. *Hickson Corp. v. Northern Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Once the moving party demonstrates the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories, and admissions on file to designate facts showing a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

## III. DISCUSSION

Section 1319(g)(6)(A)(ii) of the CWA bars citizen suits when "a State has commenced and is diligently prosecuting an action under a State law comparable to this subsection." The "diligent-prosecution bar" has three requirements: "First, the state must have 'commenced' an enforcement procedure against the polluter. Second, the state must be 'diligently prosecuting' the enforcement proceedings. Finally, the state's statutory enforcement scheme must be 'comparable' to the federal scheme promulgated in 33 U.S.C. § 1319(g)." *McAbee v. City of Fort Payne*, 318 F.3d 1248, 1251 (11th Cir. 2003) (citations omitted). A state's enforcement action will not bar a citizen suit where

> notice of an alleged violation of section 1365(a)(1) of this title has been given in accordance with section 1365(b)(1)(A) of this title prior to commencement of an action under this subsection and an action under section 1365(a)(1) of this title with respect to such alleged violation is filed before the 120th day after the date on which such notice is given.

33 U.S.C. § 1319(g)(6)(B)(ii). In turn, section 1365(b)(1)(A) provides that a citizen suit may not be commenced under section 1365(a)(1) "prior to sixty days after the plaintiff has given notice of the alleged violation (i) to the Administrator, (ii) to the State in which the alleged violation occurs, and (iii) to any alleged violator of the standard, limitation, or order."

3

Defendant is not entitled to summary judgment because Florida's enforcement procedures are not sufficiently comparable to those in the CWA.[1] State laws governing enforcement must be "roughly comparable" to three classes of CWA provisions: (1) the penalty assessment provisions; (2) the public participation provisions; and (3) the judicial review provisions. *McAbee*, 318 F.3d at 1255-56. Defendant argues that Florida law is comparable to federal law in all three respects. (Dkt. 54 at p. 18). Plaintiffs counter that Florida's "public participation" provisions are not comparable to those in the CWA. (Dkt. 67 at pp. 13-16).

In general, the CWA provisions "allow members of the general public, even those who have not suffered a threatened or actual injury in fact, to participate in the enforcement process." *McAbee*, 318 F.3d at 1257. The statutory right of public participation by "interested persons" under the CWA includes the right to public notice, a reasonable opportunity to comment, the right to present evidence if a hearing is held, and the right to petition for a hearing if one is not held. *Id.* at 1256-57 (citing 33 U.S.C. § 1319(g)(4)):

> Specifically, before issuing an order assessing a civil penalty, the Administrator or Secretary must provide public notice and a reasonable opportunity to comment on the proposed assessment to any interested person. The Administrator or Secretary is also required to give notice of any hearing about a penalty assessment to any person who commented on the proposed assessment. Finally, if no hearing is held before the issuance of an order assessing a penalty, any person who commented on the proposed

---

[1] Because Florida's enforcement procedures are not sufficiently comparable to those of the CWA, it is unnecessary to determine whether the FDEP commenced and diligently prosecuted an enforcement proceeding against Defendant before Plaintiffs served their notice of CWA violations. That said, it does appear that the FDEP commenced an enforcement proceeding by proposing a consent order and that it is diligently prosecuting that. And Plaintiffs' "citizen suit is meant to supplement rather than to supplant governmental action. . . . [C]itizen suits are proper only 'if the Federal, State, and local agencies fail to exercise their enforcement responsibility.' " *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.*, 484 U.S. 49, 60 (1987) (quoting S. REP. NO. 92-414, p. 64 (1971)). And the evidence shows that the FDEP, beginning in June 2016, actively pursued a consent order that would impose civil penalties and corrective actions on Defendant for the same acts that gave rise to Plaintiffs' citizen suit. (June 9, 2016 letter, Dkt. 54-1, Ex. A); (September 16, 2016 letter and proposed consent order, Dkt. 54-1, Ex. B); *see also* FLA. STAT. 403.121(2)(g) ("The department has the authority to enter into a settlement, either before or after initiating a notice of violation, and the settlement may include a penalty amount different from the administrative penalty schedule.").

assessment may petition the Administrator or Secretary to set aside the order and hold a hearing on the penalty.

*Id.* at 1256 (citations omitted) (citing 33 U.S.C. §§ 1319(g)(4)(B) & (C)).[2]

By comparison, Florida law does not provide the general public with a comparable right to participate in the enforcement proceedings. Rather, Florida's scheme limits participation to those whose "substantial interests" are affected. *see* FLA. ADMIN. CODE ANN. r. 28-106.111(2), *and* (Proposed consent orders, Dkt. 54-1, Exs. E, F) ("Persons who are not parties to this Consent Order, but whose substantial interests are affected by it, have a right to petition for an administrative hearing . . . ."). And that, in and of itself, demonstrates why Florida's scheme is not "roughly comparable" to the CWA.

With respect to the rights afforded the public under the CWA, I find no distinction between the proposed consent order in this case and a contested enforcement proceeding. The public participation provisions of the CWA and Florida's scheme must by "roughly comparable," regardless of the nature of the enforcement proceeding.

In Florida, a final consent order qualifies as an "agency decision" that is noticed to the public through publication in a newspaper "one time only within 15 days of the effective date" of the consent order. (Proposed consent orders, Dkt. 54-1, Exs. E, F); *see also* FLA. ADMIN. CODE ANN. r. 28-106.111(1) (directing that a notice of agency decision shall contain the information required by FLA. STAT. § 120.569(1)). Upon notice, "persons seeking a hearing on an agency decision which does or may determine their substantial interests shall file a petition for hearing with the agency

---

[2] One of the cases relied on by Defendant as supplemental authority in support of its motion for summary judgment acknowledges that the CWA affords the public the right to comment before the EPA finalizes a proposed consent order. *See United States v. Metropolitan St. Louis Sewer Dist.*, 952 F.2d 1040, 1044 (8th Cir. 1992). Florida's scheme does not.

5

within 21 days of receipt of written notice of the decision." FLA. ADMIN. CODE ANN. r. 28-106.111(2). The agency must then grant or deny the petition for a hearing within fifteen days. FLA. STAT. § 120.569(2)(a). If the Florida agency grants the petition for a hearing, it may request assignment of an administrative law judge from Florida's Division of Administrative Hearings ("DOAH"). *Id.* at §§ 120.569, .57. If DOAH has jurisdiction, the agency may take no further action except as a party litigant in the proceeding before the administrative law judge. *Id.* at § 120.569(2)(a).

Defendant argued during the hearing on its motion that the FDEP provides notice of proposed consent orders to the public on its "Oculus" website. Defendant could not, however, identify a Florida statute, rule, or regulation that requires the FDEP to afford the public an opportunity to comment on a proposed consent order.[3]

In *McAbee,* the Eleventh Circuit compared Alabama's public participation scheme with the CWA, and found that the statutes did not "contain analogous public-participation provisions." *McAbee,* 318 F.3d at 1256-57. The Alabama statute required "only ex post facto notice of enforcement action . . . . in the form of a newspaper bulletin that must appear 'no later than 15 days after issuance of any such order . . . for one day in a newspaper of general circulation in the county where the violation has occurred.' " *Id.* at 1256 (quoting ALA. CODE § 22-22A-5(18)a.4.). The Court held that Alabama's ex post facto public participation scheme was not comparable to the CWA scheme because "[t]he public may not intervene in pre-order proceedings and may not submit

---

[3] With respect to whether the public has a right to petition for a hearing before the consent order is finalized, according to Plaintiffs, Defendant has moved to dismiss their petition to DOAH for a hearing on the final consent order Defendant executed with the FDEP, further evidencing the difficulties facing members of the public in Florida wishing to comment on a consent order. (*see* Dkt. 116 at p. 4).

6

comments, present evidence, or request a hearing on a proposed assessment and order," and only "persons 'aggrieved' by the administrative action have the right to request a hearing to contest the order." *Id.* at 1257 (citing ALA. CODE § 22-22A-5(18)a.4.; ALA. ADMIN. CODE r. 335-2-1-.02.). The Court also noted that it was "particularly troubled" that Alabama law provided only fifteen days for those aggrieved persons to request a hearing on an agency decision. *Id.* (citations omitted).

The Florida public participation scheme is substantially similar to the Alabama scheme examined in *McAbee*.[4] Under Florida law, the general public is not entitled to submit comments, present evidence, or request a hearing on a proposed consent order. *Compare* FLA. ADMIN. CODE ANN. r. 28-106.111(2), *with McAbee*, 318 F.3d at 1257. Rather, only the alleged violator and the FDEP have a right to "participate in penalty proceedings before issuance" of the consent order. *See McAbee*, 318 F.3d at 1257. Even after the FDEP issues a final consent order, only the alleged violator and individuals whose "substantial interests" are affected by the order have the right to a hearing. *Compare id.* (citing ALA. CODE § 22-22A-7(c), (c)(1) (providing that only persons "aggrieved" by an agency action of the department are entitled to a hearing)), *with* FLA. ADMIN. CODE ANN. r. 28-106.111(2), *and* (Proposed consent orders, Dkt. 54-1, Exs. E, F) ("Persons who are not parties to this Consent Order, but whose substantial interests are affected by it, have a right to petition for an administrative hearing...."). By comparison, as the Court in *McAbee* noted, "the federal provisions allow members of the general public, even those who have not suffered a threatened or actual injury

---

[4] Defendant's statement that "[t]his Court has been presented with that issue in the past and found the FDEP's statutory scheme comparable to the federal Act" is incorrect. (Motion for Summary Judgment, Dkt. 54 at p. 15) (citing *St. Johns Riverkeeper, Inc. v. Jacksonville Elec. Auth.*, No. 3:07-cv-739-J-34TEM, 2010 WL 745494 (M.D. Fla. Mar. 1, 2010)). First, that case was decided by a different district judge. Second, the judge in *St. Johns Riverkeeper* did not address comparability because the plaintiff did not contest comparability. 2010 WL 745494, at *8 ("Plaintiffs do not contest Defendant's contention that FDEP has commenced enforcement action against JEA under an enforcement scheme comparable to its federal counterpart." (footnotes omitted)).

in fact, to participate in the enforcement process." *Id.* at 1257.

Defendant attempts to distinguish *McAbee* by noting that a Florida DOAH hearing is "a *de novo* proceeding to formulate final agency action" and therefore "Florida law provides any member of the public (who has standing) an opportunity to request a hearing and effectively participate in the preparation of FDEP consent orders prior to the agency action becoming final . . ." (Dkt. 54 at p. 23) (citations omitted). But Defendant fails to acknowledge that the requirement of "standing" is not comparable to the right afforded to the general public by the CWA. And in any event, the DOAH review occurs <u>after</u> the FDEP has "hardened its position" by making a final decision, without any participation by the general public. *see McAbee*, 318 F.3d at 1257.[5] And in the DOAH process, the FDEP may participate only as a party during the administrative review of the final consent order, FLA. STAT. § 120.569(2)(a). The public participation scheme under Florida law is therefore essentially the ex post facto review held to be insufficiently comparable to federal law in *McAbee*.

Defendant's supplemental authority and its additional arguments during the hearing fail to establish sufficient comparability between Florida's public participation scheme and the CWA. While the FDEP's Oculus website may provide the general public with notice of a proposed consent order, there is no procedure for the public to comment on the order before the FDEP accepts it as final. Defendant's suggestion that any member of the public may contact the FDEP and express concerns about a proposed order noticed on the Oculus website is not persuasive. That informal opportunity to make comment is not equivalent to the statutory rights to "submit comments, present evidence, or

---

[5] "[A] right to pre-order participation is markedly different from the right to post-decision participation. In pre-order proceedings, an agency has not hardened its position, and interested persons are not subject to the same technical pleading requirements or burdens of proof that are imposed once the state has issued an order." *Id.* at 1257.

request a hearing on a proposed assessment and order." *McAbee*, 318 F.3d at 1257.[6]

Following *McAbee*, I find that interested citizens in Florida do not have a meaningful opportunity to participate at a significant stage of the administrative decision-making process. *Id.* at 1254. The differences between Florida's public participation provisions and the CWA "strike at the heart" of whether Florida's scheme "provides interested citizens a meaningful opportunity to participate" in the FDEP enforcement proceeding. And the statutory right of public participation after the FDEP finalizes a consent order is not sufficiently comparable to the CWA provisions because it is available only to those whose substantial interests are affected by the order. *Id.*[7] I conclude, therefore, that Florida's public participation provisions do not satisfy the standard of comparability in *McAbee*. Accordingly, Defendant's Motion for Summary Judgment (Dkt. 54) is **DENIED**.

**DONE AND ORDERED** this ___19th___ day of January, 2018.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record

---

[6] Defendants provide the Reporter's Comments on Florida's Proposed Administrative Procedure Act, which indicates the legislature's intent that the Act "provides for a broader analysis of agency action through more effective publication and notice procedures." (Dkt. 113-1). That broad statement of intent does not establish the existence of laws or regulations that provide the public with the right to comment on a proposed consent order. As noted, *Metropolitan St. Louis Sewer District* confirms that the CWA includes such provisions. *See* 952 F.2d at 1044. The other cases cited by Defendant as supplemental authority are immaterial to the public participation question raised by its motion for summary judgment. *See Florida Home Builders Ass'n v. Dep't of Labor & Emp't Sec.*, 412 So. 2d 351, 352-53 (Fla. 1982) (holding that trade associations have standing to challenge agency rules on behalf of its members under the expansions of public access provided by the Administrative Procedure Act); *Anderson v. City of St. Pete Beach*, 161 So. 3d 548, 552-53 (Fla. Dist. Ct. App. 2014) (holding that the city failed to comply with the Sunshine Law by exceeding the bounds of an exemption "limited to discussions involving the actual settlement of presently pending litigation.").

[7] And it is noted that the twenty-one days within which persons with substantial interests must request a hearing on a final consent order is only six days longer than the time frame for comment under Alabama law that particularly troubled the Eleventh Circuit. *Compare McAbee*, 318 F.3d at 1257, *with* FLA. ADMIN. CODE ANN. r. 28-106.111(2).