UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUNCOAST WATERKEEPER, et al.,

    Plaintiffs,

v.                                      Case No. 8:16-cv-3319-T-27AEP

CITY OF ST. PETERSBURG,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** are Plaintiffs' Motion to Strike Defendant's Affirmative Defenses (Dkt. 90) and Defendant's opposition (Dkt. 91). Upon consideration, the motion (Dkt. 90) is **GRANTED** *in part* and **DENIED** *in part*.

A court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Motions to strike are generally disfavored and are considered to be a "drastic remedy to be resorted to only when required for the purposes of justice." *Augustus v. Board of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962).[1] Nonetheless, district courts have broad discretion in determining whether to grant a motion to strike. *Slone v. Judd*, No. 8:09-cv-1175-T-27TGW, 2009 WL 5214984, at *1 (citing *Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976)).

Plaintiffs move to strike Defendant's first, second, fourth, sixth, seventh, ninth, eleventh, and sixteenth affirmative defense, contending that those defenses are insufficient as a matter of law. Plaintiffs also move to strike all affirmative defenses contending that they are inadequately pled.

---

[1] Decisions of the Fifth Circuit handed down prior to October 1, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

## Legal Sufficiency

" 'An affirmative defense raises matters extraneous to the plaintiff's *prima facie* case.' " *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988) (quoting *Ford Motor Co. v. Transport Indemnity Co.*, 795 F.2d 538, 546 (6th Cir. 1986)); *see also Saks v. Franklin Covey Co.*, 316 F.3d 337, 350 (2d Cir. 2003) ("An affirmative defense is defined as [a] defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all allegations in the complaint are true." (internal quotation marks and citations omitted)). If an affirmative defense is established, it "generally . . . requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." *Wright v. Southland Corp.*, 187 F.3d 1287, 1303 (11th Cir. 1999).

A defense that merely points out a defect in a plaintiff's *prima facie* case is not a proper affirmative defense. *In re Rawson Food Serv.*, 846 F.2d at 1349. An affirmative defense is also insufficient as a matter of law and should be stricken "if it appears to a certainty that the plaintiff would succeed despite any set of facts which could be proved in support of the defense." *Equal Emp't Opportunity Comm'n v. First Nat'l Bank of Jackson*, 614 F.2d 1004, 1008 (5th Cir. 1980) (citation omitted). And an affirmative defense is insufficient if it is patently frivolous or clearly invalid as a matter of law. *Anchor Hocking Corp.*, 419 F. Supp. at 1000.

<u>First Affirmative Defense</u>

Defendant's First Affirmative Defense asserts that Plaintiffs fail to state a claim under the Clean Water Act on jurisdictional grounds, specifically that the Court lacks subject matter jurisdiction because the Florida Department of Environmental Protection is pursuing a consent order

relating to the same violations alleged in Plaintiffs' citizens suit. (Dkt. 89 at p. 8). This defense is neither patently frivolous nor clearly invalid as a matter of law, because the CWA bars citizens suits when "a State has commenced and is diligently prosecuting an action under a State law comparable" to the CWA. 33 U.S.C. 1319(g)(6)(A)(ii). And this defense is not a mere "failure to state a claim" defense, as Plaintiffs contend, because it asserts new facts relating to the FDEP's enforcement proceeding in support of a defense to Plaintiffs' claims. (Dkt. 90 at p. 4) (citing *Boldstar Technical, LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1291 (S.D. Fla. 2007) (noting that a "failure to state a claim" defense is not a proper affirmative defense where "it is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid prima facie case.")).[2] This defense will not be stricken, notwithstanding that Defendant's summary judgment motion on jurisdiction has been denied.

Second Affirmative Defense

Defendant's Second Affirmative Defense asserts that the FDEP's comparable enforcement proceeding forecloses "the jurisdiction of the Court and the standing of the Plaintiffs to pursue this matter." (Dkt. 89 at p. 9). Plaintiffs argue that lack of standing is not a valid affirmative defense. (Dkt. 90 at p. 2) (citing *Vogel v. Huntington Oaks Del. Partners, LLC*, 291 F.R.D. 438, 442 (C.D. Cal. 2013)). However, Defendant's Second Affirmative Defense differs from those in which defendants merely assert that a plaintiff lacks standing, because Defendant raises new factual matter extraneous to the Second Amended Complaint in support of its contention that Plaintiffs lack standing and the Court lacks subject matter jurisdiction. *See Vogel*, 291 F.R.D. at 442 ("Huntington's

---

[2] Further, Defendant correctly points out that some judges in this district have determined that "failure to state a claim" is a proper affirmative defense. (Dkt. 91 at p. 2) (citing *Carrero v. Citimortgage, Inc.*, No. 8:15-cv-2915-T-33EAJ, 2016 WL 1464108, at *3 (M.D. Fla. Apr. 14, 2016)).

3

twenty-fourth affirmative defense is not an affirmative defense—it just asserts that Vogel lacks standing."). And a diligently prosecuted and comparable state enforcement proceeding is a valid defense to a citizens suit under the CWA. *See* 33 U.S.C. 1319(g)(6)(A)(ii). Accordingly, Defendant's Second Affirmative Defense will not be stricken, notwithstanding that Defendant's summary judgment motion on jurisdiction has been denied.

Fourth Affirmative Defense

Plaintiffs argue that the Fourth Affirmative Defense is an improper "failure to state a claim" defense that raises no new factual matter, but rather addresses defects in their *prima facie* case. (Dkt. 90 at p. 4) (citing *Boldstar Technical*, 517 F. Supp. 2d at 1291). Plaintiffs are incorrect. Defendant asserts additional facts in support of this defense. *See In re Rawson Food Serv.*, 846 F.2d at 1349. Specifically, Defendant asserts that the violations alleged in Plaintiffs' complaint are not actionable under the CWA because they are wholly past violations and there is no reasonable expectation that they will be repeated. (Dkt. 89 at pp. 9-10). Plaintiffs cite no authority demonstrating that the Fourth Affirmative Defense is not a valid defense, if Defendant proves the facts asserted. *See Anchor Hocking Corp.*, 419 F. Supp. at 1000. The Fourth Affirmative Defense will therefore not be stricken.

Sixth Affirmative Defense

Defendant's Sixth Affirmative Defense asserts that any civil penalties or injunctive relief imposed against it should be limited to the extent the discharges alleged in the complaint were caused by an act of God, uncontrollable acts of nature, exceptional events, or third parties. (Dkt. 89 at pp. 10-11). Plaintiffs argue that this Affirmative Defense fails as a matter of law because the CWA is a strict liability statute and, therefore, defenses based on acts of God or the actions of third parties are legally invalid. (Dkt. 90 at pp. 4-5). However, the CWA recognizes that an "act of God" may

limit the extent of a defendant's liability for certain violations of the CWA. *See* 33 U.S.C. § 1321. And the precedent Plaintiffs cite to support their argument for striking the Sixth Affirmative Defense confirms that acts of a third party which caused or contributed to a violation of the CWA may be a partial defense, particularly with respect to the statutory factors that must be considered in determining the civil penalty for a CWA violation. *See United States v. Coastal States Crude Gathering Co.*, 643 F.2d 1125, 1127-28 (5th Cir. 1981) (Citing 33 U.S.C. § 1321 and holding, in a case in which a defendant "bore no fault in the rupture and discharge" caused by a third party, that "we believe the civil penalty of $5,000 is inappropriate and find appropriate the $1,000 as originally assessed by the Secretary.").[3] Accordingly, Defendant's Sixth Affirmative Defense will not be stricken.

Seventh Affirmative Defense

Plaintiffs argue that Defendant's Seventh Affirmative Defense, based on laches, is legally invalid because equitable defenses are "generally" not available against citizen plaintiffs in environmental cases. (Dkt. 90). In the Fifth Circuit, "the applicability of the doctrine of laches to environmental litigation is no longer open to doubt." *Environmental Defense Fund, Inc. v. Alexander*, 614 F.2d 474, 478 (5th Cir. 1980). The Ninth Circuit Court notes that laches must be invoked "sparingly." *Portland Audobon Soc'y v. Lujan*, 884 F.2d 1233, 1241 (9th Cir. 1989).

Recently, however, this Circuit did not reject the defense of laches in citizens suits under the

---

[3] Defendant acknowledges that 33 U.S.C. § 1321 primarily addresses liability for oil discharges, but notes that this section also applies to liability for discharges of other hazardous substances. (Dkt. 91 at pp. 6-7). As noted, the only precedent Plaintiffs cite with respect to the Sixth Affirmative Defense also addressed civil penalties under 33 U.S.C. § 1321. (Dkt. 90 at pp. 4-5) (citing *Coastal States Crude Gathering*, 643 F.2d at 1127). In this case, Plaintiffs' Second Amended Complaint seeks civil penalties against Defendant pursuant to 33 U.S.C. § 1319(d). (Dkt. 87 at p. 24). Sections 1319 and 1321 require courts to consider substantially similar factors in determining the amount of the civil penalty to impose under those respective sections. The Fifth Circuit Court of Appeals' reasoning in *Coastal States Crude Gathering Company* with respect to section 1321, therefore, is applicable to section 1319 as well. *See* 643 F.2d at 1127-28.

CWA. *See Black Warrior Riverkeeper, Inc. v. U.S. Army Corps. of Eng'rs*, 781 F.3d 1271, 1283 n.8 (11th Cir. 2015) ("Because we hold that the district court abused its discretion in applying the laches factors, we need not and do not decide whether the Supreme Court's recent decision in *Petrella v. Metro–Goldwyn–Mayer, Inc.*, —— U.S. ——, 134 S.Ct. 1962, 188 L.Ed.2d 979 (2014), bars the application of laches to this case. Nor do we decide whether to join our sister circuits in suggesting that laches 'must be invoked sparingly in environmental cases.' *Pres. Coal., Inc. v. Pierce*, 667 F.2d 851, 854 (9th Cir.1982)."). Accordingly, Defendant's Seventh Affirmative Defense will not be stricken.

<u>Eleventh Affirmative Defense</u>

Defendant's Eleventh Affirmative Defense asserts: "Plaintiffs' [sic] lack standing to bring this action because their members have not suffered an 'injury-in-fact' which is concrete and particularized and actual or imminent, not conjectural or hypothetical, nor have they established causation or redressability." (Dkt. 89 at p. 12). Plaintiffs argue that this defense should be stricken as an improper "lack of standing" defense. That argument is persuasive. Unlike Defendant's Second Affirmative Defense, which also asserts that Plaintiffs lack standing but bases that assertion on new factual matter, the Eleventh Affirmative Defense asserts no new facts.

Defendant's response outlines the elements that a plaintiff must establish to satisfy Article III standing with respect to a CWA citizens suit, further demonstrating that this defense merely points out a defect in Plaintiffs' *prima facie* case. (Dkt. 91 at pp. 3-4) (citing *Idaho Rural Council v. Bosma*, 143 F. Supp. 2d 1169, 1175 (D. Idaho 2001)). And the response indicates that this defense is based on the same FDEP enforcement proceeding as the Second Affirmative Defense and is, therefore, redundant. (Dkt. 91 at pp. 4-6). Accordingly, the Eleventh Affirmative Defense is stricken.

FED. R. CIV. P. 12(f); *In re Rawson Food Serv.*, 846 F.2d at 1349; *see also Vogel*, 291 F.R.D. at 442.

<u>Sixteenth Affirmative Defense</u>

Defendant's Sixteenth Affirmative Defense asserts that some of the discharges identified in the Second Amended Complaint were caused by third parties, and that it may not be held liable for those discharges. (Dkt. 89 at p. 13). Defendant also asserts that the fact that "third parties contributed to any particular violation . . . should be taken into consideration in the assessment of penalties [and] in the imposition of injunctive relief." (*Id.*).

Plaintiffs argue that the actions of third parties are irrelevant. (Dkt. 90 at p. 6). That is incorrect. While the fact that a third party caused a defendant's CWA violation may not operate as a complete defense to a citizens suit, it may be considered in the determination of the civil penalty to be imposed on a defendant. *See* 33 U.S.C. § 1319(d); *see also Coastal States Crude Gathering Co.*, 643 F.2d at 1127-28 (citing 33 U.S.C. § 1321). Accordingly, this defense will not be stricken.

### Adequacy of Pleading

Rule 8(c) requires that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense." Rule 8(b) further provides that a party must "state in short and plain terms its defenses to each claim asserted against it." FED. R. CIV. P. 8(b). "The Supreme Court has held that the purpose of Rule 8(c) is to give the opposing party notice of the affirmative defense and a chance to rebut it." *Grant v. Preferred Research, Inc.*, 885 F.2d 795, 797 (11th Cir. 1989) (citing *Blonder-Tongue Labs., Inc. v. University of Ill. Found.*, 402 U.S. 313, 350 (1971)).

Plaintiffs argue that the heightened *Twombly* and *Iqbal* pleading standards apply to affirmative defenses and that, under those standards, all of Defendant's affirmative defenses are inadequately pled. (Dkt. 90 at p. 3). However, Plaintiffs cite no case in which the Eleventh Circuit

has applied *Twombly* and *Iqbal* to affirmative defenses. (*Id.*). And their argument that an affirmative defense must comply with those standards is inconsistent with *Grant*, which holds that a defendant may raise an affirmative defense at trial that was not raised earlier, so long as "a plaintiff receives notice of an affirmative defense by some means other than pleadings." *See e.g.*, 885 F.2d at 797 (citing *Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1988)). And this Circuit continues to apply *Grant* after *Twombly* and *Iqbal*. *See, e.g., Adams v. Austal, U.S.A., L.L.C.*, 754 F.3d 1240, 1258-59 (11th Cir. 2014) (citing *Grant*, 885 F.2d at 797). In sum, Defendant's affirmative defenses which have not been stricken include sufficient notice under Rule 8(b) and (c), as applied in *Grant* and *Adams*.[4]

Accordingly, Plaintiffs' Motion to Strike Defendant's Affirmative Defenses (Dkt. 90) is **GRANTED *in part*** and **DENIED *in part***. Defendant's Eleventh Affirmative Defense (Dkt. 89 at p. 12) is **STRICKEN**. In all other respects, Plaintiffs' motion (Dkt. 90) is **DENIED**.

**DONE AND ORDERED** this 22nd day of January, 2018.

JAMES D. WHITTEMORE
**United States District Judge**

Copies to: Counsel of record

---

[4] For example, Plaintiffs argue that Defendant's affirmative defenses fail to provide it sufficient notice because, among other reasons, Defendant "has not named the consent order it references," "fails to provide any facts to support the assertion that the State has 'initiated enforcement proceedings,'" "does not attempt to name or describe any such 'Act of God' that purportedly caused the violations," and "has not named a single violation which it claims was in compliance with [Defendant's] NPDES Permit No. FLS000007-004." (Dkt. 90 at pp. 7, 8, 11, 15). As noted, Plaintiffs fail to cite any Eleventh Circuit case holding that Defendant is required to provide such detailed factual information to satisfy the requirements of Rule 8(b) and (c). To the contrary, Eleventh Circuit cases such as *Grant* and *Adams* indicate that generic defenses may be sufficient to satisfy the requirements of the Federal Rules of Civil Procedure. *Grant*, 885 F.2d at 797; *Adams*, 754 F.3d at 1258-59.