UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SUNCOAST WATERKEEPER, et al.,**

    **Plaintiffs,**

v.                                                   **Case No. 8:16-cv-3319-T-27AEP**

**CITY OF ST. PETERSBURG,**

    **Defendant.**
_____/

## ORDER

**BEFORE THE COURT** are Defendant's Motion to Stay Proceedings Pending Outcome of Administrative Proceedings Relating to FDEP Consent Order (Dkt. 106) and Plaintiffs' opposition (Dkt. 110). Upon consideration, Defendant's motion is **DENIED**.

In July 2017, Defendant and the Florida Department of Environmental Protection executed a consent order. (Dkt. 107-1). On August 31, 2017, Plaintiff sought review of the consent order by filing a Verified Petition for Formal Administrative Hearing. (Dkt. 107-2). Defendant moves to stay "further proceedings relating to this litigation until the Consent Order has been finally reviewed by virtue of the administrative review provisions of Chapter 120, *Florida Statutes*." (Dkt. 106 at p. 2).

. A district court may issue a stay of a case pending the resolution of related proceedings. *Ortega Trujillo v. Conover & Co. Commc'ns, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000) (per curiam); *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). However, " '[w]hen a district court exercises its discretion to stay a case pending the resolution of related proceedings in

another forum, the district court must limit properly the scope of the stay. A stay must not be 'immoderate.' " *Id.* (quoting *CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982)). And "[t]he proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citations omitted).

Defendant seeks a stay until the Florida DOAH completes its review the consent order. But, as noted, such a stay must be properly limited. *See Ortega Trujillo*, 221 F.3d at 1264.[1] Defendant does not estimate, however, how long it will take for the DOAH to complete its review or suggest a limitation on the temporal scope of the stay. And Plaintiff correctly points out that administrative review under Chapter 120, Florida Statutes, contemplates discovery, including depositions, interrogatories, and requests for admissions, all of which could take months to complete. Moreover, there is the prospect of an appeal to the Florida appellate court. In sum, Defendant's request for a stay pending completion of DOAH's review would be impermissibly indefinite. *Ortega Trujillo*, 221 F.3d at 1264 (citing *CTI-Container Leasing Corp.*, 685 F.2d at 1288).[2]

Further, Defendant fails to meet its burden of establishing the need for an indefinite stay. It argues that it may be exposed to double recovery or unnecessary injunctive relief if this case is not stayed. Plaintiffs acknowledge that any civil penalties and remedial measures in the final consent order merit consideration with respect to the court's discretion to fashion relief under the Clean

---

[1] "The scope of the stay ordered by the district court seems indefinite. The stay, by its own terms, remains in effect until the 'Bahamian Courts conclude their review.' The stay appears to expire only after a trial of the Bahamian case and the exhaustion of appeals in that case. In addition, contrary to the district court's assessment of the Bahamian litigation, the record indicates that the Bahamian case is not progressing quickly. We conclude, therefore, that the stay is indefinite in scope." *Ortega Trujillo*, 221 F.3d at 1264.

[2] The case Defendant rely on is distinguishable. In *Water Quality Protection Coalition v. Municipality of Arecibo*, 858 F. Supp. 2d 203 (D. Puerto Rico 2012), a municipality requested a ninety day stay to complete a consent decree. *Id.* at 212. The district judge denied the municipality's request for the stay, but afforded the municipality thirty days to finalize the consent decree before the case management deadlines would "kick in." *Id.* at 213.

Water Act. (Dkt. 110 at p. 19) (citing *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 307-12, 317-318 (1982)); *see also* 33 U.S.C. 1319(d) ("In determining the amount of a civil penalty the court shall consider . . . such other matters as justice may require."). But the final consent decree will not, as Defendant seemingly contends, resolve the issues in this case.[3] Even though the terms of the final consent order may be considered with respect to any relief granted in this case, those terms will not resolve all of the issues or moot the remedies available under the CJA. *See American Mfrs. Mut. Ins. Co. v. Edward D. Stone, Jr. & Assoc.*, 743 F.2d 1519, 1524 (11th Cir. 1984).[4] And finally, the interests of judicial economy alone do not justify an indefinite stay of this case pending completion of the DOAH proceedings. *See Ortega Trujillo*, 221 F.3d at 1265.[5]

Accordingly, Defendant's Motion to Stay Proceedings Pending Outcome of Administrative Proceedings Relating to FDEP Consent Order (Dkt. 106) is **DENIED**.

**DONE AND ORDERED** this 22nd day of January, 2018.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of record

---

[3] Indeed, Plaintiffs point out that the consent order provides: "This Order is not . . . a settlement of any violation which may be prosecuted criminally or civilly under federal law." (Dkt. 107-1 at ¶ 25).

[4] *See American Mfrs. Mut. Ins. Co.*, 743 F.2d at 1524-25. "As we have noted, the state court action on which the district court depended in granting the stay probably will not resolve the issues pending in the federal litigation. We find no compelling reason for imposing a stay in such circumstances."

[5] The parties spend a significant portion of their filings addressing whether the FDEP's consent order deprives the Court of subject matter jurisdiction over Plaintiffs' CWA citizens suit. (Motion, Dkt. 106 at p. 5); (Response, Dkt. 110 at pp. 6-19). The parties have already addressed subject matter jurisdiction in Defendant's Motion for Summary Judgment (Dkt. 54) and Plaintiffs' response in opposition (Dkt. 65). Because of the Order denying Defendant's Motion for Summary Judgment, (Dkt. 132), there is no need to revisit that jurisdictional question.

3