UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| SUNCOAST WATERKEEPER, OUR CHILDREN'S EARTH FOUNDATION, and ECOLOGICAL RIGHTS FOUNDATION,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF ST. PETERSBURG,<br><br>Defendant. | Case No.: 8:16-cv-03319-JDW-AEP |

## STIPULATED ORDER OF PARTIAL DISMISSAL AND COURT'S RETENTION OF JURISDICTION

Plaintiffs Suncoast Waterkeeper, Our Children's Earth Foundation, and Ecological Rights Foundation ("Plaintiffs") and Defendant City of St. Petersburg hereby enter into this Stipulated Order of Partial Dismissal and Court's Retention of Jurisdiction ("Stipulated Order") in settlement of this action.

**NOW, THEREFORE,** the Parties hereby stipulate and the Court orders as follows:

1. **Amended Consent Order OGC No. 16-1280:** In partial settlement of this action, the City agreed to request an amendment to Consent Order OGC No. 16-1280 from the Florida Department of Environmental Protection ("FDEP") to include additional requirements, and FDEP agreed to the City's request. Consent Order OGC No. 16-1280 (effective July 26, 2017) and the First Amendment to Consent Order (effective October 12, 2018) (hereinafter collectively referred to as "Amended Consent Order") are attached to this Stipulated Order as Attachments A and B,

1

respectively. The Parties agree the City's compliance with the Amended Consent Order is enforceable by this Court.

2. **Additional Public Interest Project:** Within fourteen (14) days of the date of entry of this Stipulated Order by the Court, the City shall make a payment of $200,000 to the Tampa Bay Estuary Program (263 13th Avenue South, Suite 350, St. Petersburg, FL 33701) to be used for projects to secure significant environmental benefits to the watersheds and ocean waters in and adjacent to the City. A copy of such payment shall be sent to the Plaintiffs under Paragraph 3.

3. **Reporting and Communication Between the Parties**: Until the Termination Date, the City shall provide Plaintiffs courtesy copies of all reports to FDEP under the Amended Consent Order at such time that reports are provided to FDEP. Additional documents requested by Plaintiffs in relation to work performed under the Amended Consent Order shall be provided pursuant to the Florida's Public Records Act. Nothing herein prevents the City from regularly communicating with Plaintiffs' sewage engineer concerning the work required under the Amended Consent Order. All documents and payments required to be forwarded by one Party to another shall be sent to the following individuals as electronic computer files at the e-mail addresses specified below, or to a mailing address if a given document cannot be e-mailed. Any change in the individuals designated by either Party must be made in writing to the other Parties.

Plaintiff Environmental Groups:
Executive Director
Suncoast Waterkeeper
P.O. Box 1028
Sarasota, FL 34230
jbloom@suncoastwaterkeeper.org

Defendant City of St. Petersburg:
Director of Water Resources Division
 City of St. Petersburg
Post Office Box 2842
St. Petersburg, Florida 33731-2842
John.Palenchar@stpete.org

Jacqueline Kovilaritch
City Attorney
City of St. Petersburg
Post Office Box 2842
St. Petersburg, Florida 33731-2842
jacqueline.kovilaritch@stpete.org

    4. **Compliance Monitoring Fund**: The City shall pay to the Plaintiffs a total of $15,000 per year for five years to fund compliance monitoring of the City's commitments under this Stipulated Order and its Attachments, for services provided by the Plaintiffs' professional engineers licensed in the State of Florida and for mediation under Paragraph 6. The Compliance Monitoring Fund payments shall be made annually, commencing on January 2, 2019 and annually thereafter with final payment on January 2, 2023. By February 15 following the end of the each year in which payment is received, Plaintiffs shall (a) report to the City the total amount expended on its engineer or on mediation hereunder in the prior calendar year and (b) refund unused funds to the City if the total amount reported is less than $15,000.

    5. **Attorneys' Fees and Costs:** Plaintiffs' claim for "costs of litigation (including reasonable attorney and expert witness fees)" under Section 505(d) of the Clean Water Act is not resolved by this Stipulated Order, and Plaintiffs reserve all rights to seek such fees and costs. So as not to impede settlement, Defendant agrees that Section 505(d) of the Clean Water Act provides a process where a court may award to Plaintiffs their reasonable attorneys' fees and costs in an amount to be determined by the Magistrate of this Court, the Honorable Anthony E. Porcelli, in accordance with applicable principles of law. The hearing before the Magistrate on the amount of attorneys' fees and costs shall be held as soon as possible after the Effective Date of

3

this Stipulated Order. The Court's Orders issued under Local Rule 3.08(b) (Dkt 168, 173) shall have no effect on Plaintiffs' rights under Section 505(d) of the Clean Water Act.

6. **Dispute Resolution**: The Dispute Resolution procedure of this Paragraph shall be the exclusive mechanism to resolve any disputes arising under this Stipulated Order and its Attachments. This procedure does not apply to disputes between the City and FDEP regarding the Amended Consent Order. Any dispute that arises under this Stipulated Order shall initially be subject to a period of informal negotiations, which shall not extend beyond thirty (30) days unless the Parties otherwise mutually agree in writing to an extension of the informal negotiation period and/or a mediation process. The dispute shall be considered to have arisen on the date one Party receives written notification from the other, specifically referencing this Paragraph, that there is a dispute. Such notice shall clearly state the matter in dispute. If the Parties cannot resolve a dispute by informal negotiations, whether before or immediately after the lapse of the thirty (30) day informal negotiations, then the Parties must seek the intervening role of a certified federal court mediator, with such individual chosen by mutual agreement of the Parties. If the Parties cannot agree upon a mediator after exchanging no fewer than five (5) proposed mediator recommendations per party, then after a period of thirty (30) days (following the expiration of the informal negotiation period), either Party may file a Dispute Resolution motion with the Court. The mediation period shall not extend beyond forty-five (45) days from the end of the informal negotiation period, unless the Parties otherwise mutually agree in writing to an extension of the mediation period. If the Parties cannot resolve a dispute by mediation, at the conclusion of the forty-five (45) day mediation period, either Party may file a Dispute Resolution motion with the court. The motion shall refer to this Stipulated Order and Paragraph and shall set forth the nature of the dispute and a proposal for its resolution. The opposing Party shall have thirty (30)

days in which to file a response with an alternate proposal for resolution. As to any and all disputes under this Paragraph, the Court shall determine which proposed resolution is most appropriate, in light of the circumstances and proposals presented to it and consistent with the Clean Water Act.

7. **Effective Date**: As required by Section 505(c)(3) of the Clean Water Act, Plaintiffs provided a copy of this Stipulated Order to the United States Environmental Protection Agency ("EPA") and the United States Department of Justice ("DOJ"), and forty-five (45) days have passed since the United States received such copy. The Stipulated Order becomes effective on the date signed and issued by the Court.

8. **Termination Date**: This Stipulated Order shall terminate on December 31, 2024.

9. **Incorporation and Modification**: This Stipulated Order and its Attachments contain the entire agreement between the Parties and no material modifications shall be valid unless in writing, mutually agreed to and executed by the Parties, and entered by the Court. Non-material changes to this Stipulated Order, including its Attachments, may be made by written agreement of the Parties without Court approval and such written modifications shall be deemed incorporated into this Stipulated Order.

10. **Retention of Jurisdiction and Partial Dismissal**: The Court shall retain jurisdiction to enforce the terms of this Stipulated Order and its Attachments until the Termination Date and to resolve disputes that are not resolved through the dispute resolution process prescribed above that may arise between the Parties. In consideration of the City's agreement to this Stipulated Order and Attachments, Plaintiffs' agree that the claims alleged in the Second Amended Complaint through August 2, 2018, except for Plaintiffs claims under

Section 505(d) of the Clean Water Act, are dismissed with prejudice consistent with the terms and condition of this Stipulated Order. The partial settlement of this action as embodied in this Stipulated Order and its Attachments is fair, reasonable, in the public interest, and furthers the objectives of the Clean Water Act. The case is not dismissed as to Plaintiffs' claim for attorney fees and costs under Section 505(d) of the Clean Water Act.

**IT IS SO STIPULATED** through agreement of counsel as authorized to so stipulate by their respective clients:

Respectfully submitted,

December 13, 2018

*/s/ Justin Bloom*
Justin Bloom
FL Bar # 89109
Justin Bloom Attorney at Law, PA
P.O. Box 1028
Sarasota, FL 34230
Telephone: (917) 991-7593
Facsimile: (866) 574-2169
Email: bloomesq1@gmail.com

*/s/ Kathryn Schmidt*
Kathryn Schmidt (Pro Hac Vice)
Van Ness Feldman
1050 Thomas Jefferson Street NW
Seventh Floor
Washington, DC 20007
P: 303-564-1298
F: 202-338-2361
E: kschmidt@vnf.com
Attorneys for Plaintiffs, SUNCOAST WATERKEEPER, OUR CHILDREN'S EARTH FOUNDATION, ECOLOGICAL RIGHTS FOUNDATION

*/s/ Brian A. Bolves*
Brian A. Bolves, FBN 367079
Manson Bolves Donaldson Varn, P.A.
1011 West Swann Avenue
Tampa, FL 33606
P: 813.514.4700
F: 813.514.4701
E: bbolves@mansonbolves.com
Attorney for Defendant CITY OF ST. PETERSBURG

Pursuant to the foregoing stipulation of the Parties, **IT IS SO ORDERED** this 17th day of December, 2018. This Stipulated Order does not resolve Plaintiffs' claims for litigation costs under Section 505(d) of the Clean Water Act, which are directed for further proceedings and shall be determined as expeditiously as possible by the Magistrate assigned to this case, The Honorable Anthony E. Porcelli.

_____
JAMES D. WHITTEMORE
United States District Judge