UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| SUNCOAST WATERKEEPER, OUR CHILDREN'S EARTH FOUNDATION, and ECOLOGICAL RIGHTS FOUNDATION, | |
| Plaintiffs, | Case No: 8:16-cv-03319-JDW-AEP |
| v. | |
| CITY OF ST. PETERSBURG, | |
| Defendant. | |

**DECLARATION OF JUSTIN BLOOM IN SUPPORT OF
PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**

I, JUSTIN BLOOM, hereby declare under penalty of law that the following facts are true and correct:

2.      I am an attorney licensed to practice law in the State of Florida and am local counsel on this case. I make this declaration based upon my personal knowledge, unless otherwise stated, and I am competent to testify to the matters set forth herein. I make this Declaration in support of Plaintiffs' Motion for Attorneys' Fees and Costs.

**Justin Bloom Biographical Information**

3.      I have been a practicing environmental attorney specializing in prosecuting pollution cases and representing communities for over 22 years. I am currently in solo private practice, based in Florida, and serve as the unpaid Executive Director of Suncoast Waterkeeper, the lead plaintiff in this case. My experience includes investigation, enforcement and litigation of Clean Water Act ("CWA") violations, Toxic

Tort cases, land use and pharmaceutical class actions.  I have successfully represented many plaintiffs affected by the BP Deepwater Horizon oil spill and other oil spills in the US.  I have significant experience in pharmaceutical class action litigation, representing the State of Louisiana and other municipalities and organizations in defective drug cases. Earlier in my career I represented Monroe County, Florida as special land use and environmental enforcement counsel.  Prior to returning to the Florida Suncoast, I worked in New York City as Waterkeeper Alliance's Eastern Regional Director.

4.      I hold a J.D. from Tulane School of Law with a Certificate in Environmental Law (1994) and a B.A. in Environmental Studies from New College (1991).  At Tulane, I began my career in public interest environmental law as a student attorney in the Environmental Clinic, and I also completed significant study at the MA level in conservation and ecology studies at the University of Florida.  I am a member of the following bars:  Florida State Bar, U.S. District Court for the Middle District of Florida, U.S. District Court for the Southern District of Florida, U.S. District Court for the Northern District of Florida, U.S. Court of Appeals for the 11th Circuit, New York State Bar, U.S. District Court for the Eastern District of New York, U.S. District Court for the Southern District of New York.

5.      I am local counsel on this case and on a similar CWA sewage case filed in this Court:  *Suncoast Waterkeeper v. City of Gulfport*, No. 8:17-00035 (M.D. Fla.), and I am local counsel for a third CWA sewage case against the County of Sarasota, which may be filed in this Court at the end of the statutorily required 60-day notice period.  33 U.S.C. 33 U.S.C. §1365.

**Tasks Performed and Hours Incurred in this Case**

6.      Since 2016, Suncoast Waterkeeper's Sick of Sewage Campaign has been
an important mission area for our organization.  We believe the damage caused by
sewage spills in the Suncoast Region are harmful to the human health and the
environment, contribute to Red Tide, and are of great concern to all citizens who use
Suncoast waters for recreational, economic, or spiritual purposes.  I was aware of and
concerned about the Saint Petersburg sewage spills in August 2015, June 2016, and
August-September of 2016, and those of its "satellite" cities who send their sewage to
Saint Petersburg for treatment.  In the absence of adequate state enforcement regarding
the City's sewage spills, and with no enforcement by EPA, citizen suit enforcement
against the City was essential, consistent with Suncoast Waterkeeper's "Sick of Sewage"
mission area.  In September of 2016, Suncoast Waterkeeper joined with Our Children's
Earth ("OCE") and Ecological Rights Foundation ("ERF") to initiate the citizen suit
against the City of Saint Peteresburg.  We also initiated a citizen suit against Gulfport,
Florida. *Suncoast Waterkeeper v. City of Gulfport*, No. 8:17-00035 (M.D. Fla.).

7.      I serve as local counsel on both cases, issued the Notice of Intent letter to
the City of Saint Petersburg on September 28, 2016 and communicated with the City,
FDEP, and EPA following the Notice Letter.   I have been local counsel for this case
from inception and during all Phases.  The true and correct copy of my letter is attached
to my declaration as Exhibit 2.  I further communicated with FDEP and EPA to
encourage a coordinated enforcement effort, to no avail.  A true and correct copy of my
letter to FDEP and EPA is attached to my declaration as Exhibit 3.

8.      As Executive Director of Suncoast Waterkeeper, I have been satisfied and confident in the representation received in this case from highly qualified environmental enforcement lawyers: Mr. Sproul, Mr. Evenson, Ms. Schmidt, and Mr. Goodstein.  In some preliminary discussions I had with local area attorneys at the inception of this case, I did not encounter any counsel as qualified as the legal team ultimately retained for this highly publicized, contentious and complex Clean Water Act case.

9.      My work on this case includes initial groundwork necessary to initiate the case; public record requests and subpoenas; communications with local citizens, fact witnesses, expert witnesses, and City representatives; conducting factual investigations; assisting in depositions, sometimes by video tape to reduce travel costs; obtaining non-profit pricing for court reporters and experts; attending court hearings and mediation; all involvement in settlement discussions with the defense and Ms. Schmidt; case management and administration; discussions with the legal team as to litigation and settlement strategies throughout the case; and review and filing of documents with the Court.

10.     I have lead oversight and monitoring responsibility of the City's compliance with the settlement terms we negotiated with the City, as embodied in the Stipulated Order and its attachments (Dkt 187).

11.     My work is described in detail in my time records attached to this declaration as Exhibit 1.  I billed a total of 514.03 hours to this case, and those hours to not include time spent on an administrative challenge to the FDEP consent order, time engaging with the press, or time spent in my capacity as Executive Director of Suncoast Waterkeeper.   My time has been cut by 130.19 hours in an exercise of billing judgment.

The 383.84 hours remaining after the reduction for billing judgment include 335.17 attorney hours and 48.67 paralegal hours, as described in Exhibit 1, which is a true and correct copy of time records that I personally and contemporaneously have kept using computerized billing software documenting the hours I have worked on this case for which I am seeking to recover an attorney's fee award.

12.     Attached as Exhibit 8 are true and correct copies of my receipts for costs incurred in relation to this case.  I hereby declare that I drove approximately 1073.04 miles in my role as local counsel on this case, for attendance at court appearances, depositions, settlement negotiations, and meetings with experts and witnesses.  Applying a mileage rate of $0.54 per mile, my mileage costs are $579.44.

**Settlement Efforts**

13.     I arranged for the first settlement conference with the City following issuance of the Notice Letter.  The conference was attended by myself, Mr. Sproul, our sewage engineer, Mr. Tom Christ, and representatives of the City.  We provided a proposed consent decree to guide the discussions concerning the remedy for the City. The discussion was unsuccessful.  There was no further discussion of settlement between the Parties until September 27, 2017 when the Parties met for Court-ordered mediation. On September 27, 2017, I attended the Court-ordered mediation and the Parties remained at an impasse.

14.     On April 4, 2018, the Citizen groups sent a letter to the City Council prior to a meeting set for April 5, 2018, to be considered with an agenda item to approve increasing the retainer to their litigation counsel, and requested in a public forum that the City stop the litigation and sit down with the Citizens to work out a settlement.  Attached

to the letter were the proposed consent decree offered in November 2016 and the Court's recent orders denying the City's motion for summary judgment.  The letter is attached to my Declaration as Exhibit 4 and is not settlement confidential, having been released into the public record.  At the April 5, 2018 meeting, the Citizens were accused by a councilmember of engaging in a "terrorist lawsuit," and I later rose during public comment to respond to that accusation.   On April 10, 2018, I delivered another settlement letter in response to the April 5 meeting, again outlining our settlement terms and requesting settlement negotiations.  That letter is not attached to this declaration because it is settlement confidential.

15.     The City expressed a willingness to engage in meaningful settlement discussions in June of 2018, following disclosure of Plaintiffs' expert reports and communications to the City and its trial counsel from Ms. Schmidt.  Thereafter Ms. Schmidt and I attended settlement negotiations, with Mr. Christ assisting us on June 21, 2018 and Mr. Goodstein attending on June 27, 2018.   These negotiations resulted in the settlement embodied in the Stipulated Order and its Attachments (Dkt 187, 182-1, 182-2). I further consulted with Ms. Schmidt as she negotiated the language of the Stipulated Order and the amendment to the consent order with outside counsel for the City.

**My Hourly Rate for Attorney Work**

16.     In consultation with Ms. Schmidt, I have set my rate at $385 per hour as an appropriate 2018 rate to claim in the Middle District of Florida.  This rate is commensurate with rates found reasonable in Middle District of Florida attorneys' fee award decisions for attorneys with my level of experience working on cases involving complex civil litigation.  In setting my hourly rate, Ms. Schmidt and I have reviewed

recent attorney awards in cases involving complex litigation in the U.S. District Court for the Middle District of Florida, which are described in detail in the concurrently filed Declaration of Kathryn Schmidt in Support of Motion for Attorneys' Fees and Costs.  My $385 per hour rate is within the range of rates awarded to several lawyers with comparable experience in recent cases.  Accordingly, in my and Ms. Schmidt's opinion, this is a reasonable market-based rate for my work in this case.

**<u>Exhibits</u>**

17.     Attached as Exhibit 5 is the Agenda Packet pertaining to approval of settlement by Defendant's City Council on August 9, 2018, which is publicly available online.

18.     Attached as Exhibit 6 is a Transcript of the August 9, 2018 City Council Meeting.

19.     Attached as Exhibit 7 is a Transcript of the July 17, 19 City Council Meeting.

I declare, under penalty of perjury, that the foregoing is true and correct. Executed on March 29, 2019 in Sarasota, Florida.

By: _____
            Justin Bloom